May Term,
1829.

THE STATE
v.
COOPER.

*Wednesday,
May 6.*

---

### THE STATE v. COOPER and Others.

*A., B.,* and *C.* entered into a recognizance for *A.'s* appearance on the first day of the term of the next Circuit Court, to answer a charge of larceny. On the first day of the term *A.* failed to appear. He also made default on the second day, when the recognizance was declared forfeited, and a scire facias issued thereon returnable to the next term. Plea to the scire facias, that no presentment or indictment had been found against *A.*, though, since the date of the recognizance, two grand juries had been impannelled. *Held*, on demurrer, that the plea was insufficient.

May Term,
1829.

The State
v.
Cooper.

Wednesday,
May 6.

ERROR to the *Owen* Circuit Court.

Holman, J.—*E. Cooper, I. Cooper,* and *H. Matheny,* entered into a recognizance, conditioned that *E. Cooper* should be and appear before the *Owen* Circuit Court, on the first day of the next term of that Court, to answer to a charge of larceny, and to abide the decision of the Court, &c. On the first day of the next term, *E. Cooper* failed to appear, and his bail when required failed to produce him in Court. On the second day of the term, *E. Cooper* was again called and failed to appear; and his bail were again required to produce him in Court, but they again made default. The Court then declared the recognizance forfeited, and awarded a scire facias against the principal and bail, requiring them to show cause why the state should not have execution against them on the recognizance. At the next term, the defendants pleaded to the scire facias, that there was no charge of larceny in said Court against *E. Cooper,* by presentment or indictment, for the said *E. Cooper* to appear and answer unto; and that, since the said supposed recognizance was entered into, two grand juries had been impannelled and sworn in said Court and charged to inquire, &c., and that no bill of indictment or presentment had been found against said *E. Cooper;* and that no legal charge of larceny could be found on the records of said Court against him. The attorney for the state demurred, and the Circuit Court adjudged the plea to be good, and gave judgment for the defendants.

Agreeably to a suggestion in the case of *Adair v. The State,* 1 Blackf. 200, this recognizance was forfeited on the first day of the term mentioned in the recognizance, by the default made on that day, and a judgment of forfeiture might have then been entered. 1 Chitt. C. L. 105.—2 Com. Dig. 45. Yet if *E. Cooper* had appeared at any subsequent day of the term, and no indictment or presentment had been found against him, and no legal reason given why he should be longer held to answer to the charge, the Court might have discharged him and his bail from their recognizance. But the simple fact, that no indictment or presentment had been found against him, would not, *per se,* be a sufficient ground on which they could claim a discharge, as there might be cases that would require the principal still to be held to answer to the charge, although no bill was then found against him. The passing of another term of

May Term,
1829.

JACKSON
v.
CULLUM.

the Court, and the holding of another inquest by the grand jury, who found no bill against *E. Cooper*, do not alter the case; because, if the judgment of forfeiture was legally entered, and the state then had a right to have execution on the recognizance, that right could not be affected by a failure to make out a charge at the succeeding term. In strictness of law, the recognizance was forfeited, and the state had a right to her execution on it, when the first default was made. Subsequent indulgence is discretionary, and cannot be claimed by the defendants as a matter of right; and surely the lapse of time, necessary for enforcing the right of the state agreeably to the forms of law, cannot affect the right itself. We therefore consider the plea as no bar to the action.

   *Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

    *Whitcomb*, for the state.
    *Hester*, for the defendants.