Andrew Garrison, Plaintiff in Error, *v.* The People, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

Henry and Harry are distinct names, and in a proceeding by *scire facias,* if it is assumed that the one name is a corruption of the other, proper averments should be used, or the judgment, if by default, will be erroneous.

A default admits the truth of the averments in a *scire facias.*

A *scire facias* upon a recognizance to appear and answer from day to day until discharged, is good, although no indictment was presented to the grand jury.

This was a *scire facias* out of the Recorder's Court of the city of Chicago, upon the following recognizance :

This day come the said People, by Carlos Haven, State's Attorney, and the said defendant, being three times solemnly called, came not, nor any one for him, but herein fails and

makes default, and Andrew Garrison, security for the said Henry Freelove, being three times solemnly called, that he produce the body of said defendant, and failing therein, thereupon

It is ordered by the court that the default of the defendant and his security be entered of record, and that *scire facias* issue, returnable to the next term of this court.

STATE OF ILLINOIS,
 COUNTY OF COOK,
  *City of Chicago.*

*The People of the State of Illinois, to the Sheriff of Cook County,* GREETING :

WHEREAS, on the twenty-fifth of March, A. D. 1858, Harry Freelove and Andrew Garrison appeared before John King, Jr., a justice of the peace in and for said county, and entered in recognizance, in the words and figures as follows, to wit :

STATE OF ILLINOIS, } ss.
 COOK COUNTY.

This day, personally appeared before the undersigned, one of the justices of the peace in and for said county, Harry Freelove and Andrew Garrison, and jointly and severally acknowledged themselves to owe and be indebted unto the People of the State of Illinois, the sum of one thousand dollars, to be levied of their goods and chattels, lands and tenements, if default be made in the premises and conditions following, to wit :

Whereas, the above bounden Harry Freelove, on the 25th day of March, A. D. 1858, was examined by and before John King, Jr., justice of the peace in and for the county aforesaid, on a charge preferred against him for bigamy, and upon hearing the testimony of all the witnesses present, (they having been duly sworn) was adjudged and required by said justice to give bonds, as required by the statute in such cases made and provided, for his appearance to answer to said charge. Now, the condition of this recognizance is such, that if the above bounden Harry Freelove shall personally be and appear before the Recorder's Court of the city of Chicago, in the said county of Cook, on the first day of the next term thereof, to be holden at the court house in Chicago, on the first day of the next term thereof, A. D. 1858, and from day to day thereafter, until discharged by order of said court, then and there to answer to the said People of the State of Illinois, on said charge of bigamy, abide the order and judgment of said court, and not depart the same without leave, then, and in that case, this recognizance to become void ; otherwise to be and remain in full force and virtue.

As witness our hands and seals, this twenty-fifth day of March, A. D. 1858.

Taken, entered into and acknowledged before me, this 25th day of March, A. D. 1858.

HENRY FREELOVE. [L.S.]
JOHN KING, Jr.,  ANDREW GARRISON. [L.S.]
  J. P.

Which said recognizance was filed in the clerk's office of the Recorder's Court, on the 25th day of March, A. D. 1858.

And whereas, at the April term of said Recorder's Court of the city of Chicago, begun and held at the court house, on the first Monday of April, A. D. 1858, in the city of Chicago, in said county of Cook, the said Henry Freelove being three times solemnly called to answer to the charge preferred against him, in said recognizance set forth, came not, nor any one for him, but herein failed and made default ; and the said Andrew Garrison being three times solemnly demanded that he bring the body of the said Henry Freelove into court, or that his said recognizance would be declared forfeited, came not, nor any one for him, nor did he produce the body of the said Henry Freelove, but made default herein, which was taken and entered of record against the said Henry Freelove and Andrew Garrison, and their recognizances declared forfeited.

Now therefore, we command you that you summon the said Henry Freelove and Andrew Garrison, if they shall be found in your county, personally to be and appear before our Recorder's Court of the city of Chicago, in the county of Cook, and State of Illinois aforesaid, on the first day of the next term thereof, to be holden at the court house in said Chicago, on the first Monday of June next, then and there to show cause, if any they have or can show, why the forfeiture aforesaid should not be made absolute, and the People of the State of Illinois have execution to make the amount of the same, according to the force, form and effect of the said recognizance ; and have you then and there this writ, with an endorsement thereon in what manner you have executed the same.

The sheriff's return was, " Served on Garrison ; Freelove not found."

The following order and judgment appear of record : And now come the said People, by Carlos Haven, State's Attorney, and it appearing to the court that the said defendant, Andrew Garrison, has been duly served with process of *scire facias*, and the said defendant, Henry Freelove, being now three times solemnly called, comes not nor any one for him, but herein fails, and the said defendant, Andrew Garrison, having been again called to produce the body of the said defendant, Henry Free-

love, and failing therein, and also failing to show cause why the said default should not be made absolute, according to the force and effect of said recognizance in said *scire facias* mentioned,

Thereupon it is ordered by the court, that the said People of the State of Illinois do have and recover of the said defendant, Andrew Garrison, the said sum of one thousand dollars in said *scire facias* mentioned, together with their costs and charges in and about this suit, in that behalf expended, and have execution therefor.

GARRISON & HUDSON, for Plaintiff in Error.

W. BUSHNELL, State's Attorney, for the People.

WALKER, J. This was a *scire facias* on a recognizance, entered into by Harry Freelove and Andrew Garrison, before a justice of the peace, for the appearance of Freelove before the Recorder's Court of Cook county, to answer a charge of bigamy. The recognizance was returned into that court, and the cause was docketed against Henry Freelove, and he and his bail were called, failed to answer, and a default was entered against them, and a *scire facias* was awarded. The *scire facias* was against Henry Freelove and Andrew Garrison, which was served on the latter, but returned not served on the former. The plaintiff in error was called, and failing to plead, a default was entered and execution was awarded against him. To reverse which, he prosecutes this writ of error.

It is objected that Henry Freelove and not Harry Freelove was called and defaulted. While the name of Henry is sometimes corrupted into Harry, yet they are separate and distinct names. We cannot therefore hold that they are the same, unless it were shown by averment and proof. Had the *scire facias* averred that Harry Freelove and Henry Freelove were one and the same person, and the averment had been sustained by proof, or its truth admitted by the default, the judgment would be sustained. *Graves* v. *The People*, 11 Ill. R. 542. But, failing in this, the judgment awarding execution, was erroneous.

It is likewise urged, that the recognizance set out in the *scire facias* does not appear to have been filed, and become a matter of record in the Recorder's Court, before the forfeiture was taken. There is an averment in the *scire facias*, that the " recognizance was filed in the clerk's office of the Recorder's Court, on the 25th day of March, A. D. 1858," and the forfeiture was had at the April term following. The default admits the truth of all the averments in the *scire facias*, and the party in error cannot contradict that admission. Had the plea of *nul tiel record*

Garrison *v.* People.

been interposed, the party could have raised the objection, but he has waived that right by permitting the default to be taken. This averment is sufficient to sustain the judgment on the default, and there is no error in not setting out a copy of the endorsement of the filing by the clerk, on the recognizance, in the *scire facias*.

It was again objected that the *scire facias* contains no averment that an indictment was presented against the principal cognizor. By the terms of his recognizance, he bound himself to appear on the first day of the next term of the court, and from day to day thereafter, until discharged by the court, and then and there to answer the People of the State, on the charge of bigamy, and to abide the order and judgment of the court, and not depart the same without leave, then his recognizance was to be void, otherwise to be in full force. The plaintiff bound himself by becoming his bail, that the principal cognizor should perform these several acts. And when Freelove failed to appear, and plaintiff in error failed to produce him, when called in open court, at the term to which he had bound himself to appear, the recognizance became forfeited, and the plaintiff in error could not discharge himself from the forfeiture, but by surrendering the principal into custody, before execution was awarded on the recognizance. The provision of the constitution, that " no person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury," has no application to an appearance according to the terms of his recognizance. The bail had the undoubted right to have surrendered him in open court, before the finding or presentment of an indictment, which would have been a compulsory appearance in court, though it would in neither case have been an appearance to answer a charge of a criminal offense, but to await the presentment of the grand jury. Had he failed to procure bail, he would have been committed to prison, to await the presentment of the grand jury, and yet, it will hardly be contended that such imprisonment would be a violation of this constitutional provision. He was in the custody of his bail, who was his jailer for the time being, and yet, such custody is not a violation of this provision, although he is held by his recognizance and his bail, to answer any criminal charge which might be presented against him, and this too, before the presentment of an indictment.

The judgment of the court below, awarding execution, must be reversed, and the cause remanded, with leave to amend the *scire facias*.

*Judgment reversed.*