## JOHN S. WHEELER

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE — *awarding execution against a part of several cognizors.* On a *scire facias* upon a joint and several recognizance, where service is had on one or more of the cognizors and a return of *nihil* as to the rest, execution may be awarded against those served with process.

2. *Former decision.* It was held in *Alley et al.* v. *The People*, 1 Gilm. 112, that to justify the award of execution, there must either be service on all of the defendants or two *nihils;* but it has been held differently in several cases since, and the rule is now as above laid down.

3. *Whether it is material that an indictment be found.* After an indictment was found against a party, he entered into a recognizance to appear, etc., "to answer to an indictment to be preferred against him." Not appearing at the next term, a judgment of forfeiture was entered. On *scire facias* upon the recognizance, the security objected, that as the undertaking was to appear and answer to an indictment to be preferred at the next term, and as none was preferred at that term, there was no breach of the undertaking. But it was held otherwise—it was immaterial, in order to fix the liability of the cognizors, whether an indictment was found or not.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. STUART, EDWARDS & BROWN, for the appellant.

Mr. C. M. MORRISON, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding by *scire facias* in the Madison Circuit Court, upon a forfeited recognizance.

The *scire facias* is in the usual form and avers the finding by the grand jury of an indictment for larceny against one James Finley and Edward Kelten, an order of court fixing the bail at five hundred dollars, the issuing of a capias against the defendants; the sheriff's return thereon, and then avers, that on the twenty-fourth day of March, 1864, Finley and Wheeler personally appeared before Erastus Wheeler and J. W. Terry, two acting justices of the peace of Madison county, duly commissioned, etc., and authorized by law to take recognizances in such cases, and then and there before said justices, Finley with Wheeler as his security, entered into a recognizance in the sum of five hundred dollars, conditioned, " if the said James Finley shall personally be and appear before the Circuit Court of Madison county, on the first day of the next term thereof, to answer to an indictment to be preferred against him for the crime of larceny, and shall abide the order of the court in the premises, and not depart the court without leave, then this recognizance to be void," etc.

The *scire facias* then avers that at the time of entering into this recognizance an indictment against Finley and Kelten was pending, and that the recognizance was entered into under that indictment; that it was approved by these justices on the 24th of March, 1864, and on the second day of May, 1864, by them returned to and filed in the office of the clerk of the Circuit Court, and thereby became a matter of record; that at the May Term, 1864, Finley made default, and it was ordered that the recognizance be declared forfeited, and that a *scire facias* be issued against Finley and Wheeler, to show cause why execution should not be had against them for the amount of the recognizance.

To this *scire facias*, there was a general demurrer by Wheeler, and judgment thereon for the people, for five hundred dollars, the amount of the recognizance.

To reverse this judgment the cause is brought here, assigning as error overruling the demurrer.

The appellant makes these points : that as the undertaking was to appear and answer to an indictment to be preferred at the next term, and as none was preferred at that term, there was no breach of the undertaking; that a judgment for the penalty of the bond was improperly entered against Wheeler, that this could not be legally done until both defendants were before the court by actual service or by the return of two *nihils* citing on this point *Alley et al.* v. *The People*, 1 Gilm. 112.

This point was so decided in that case, but has been settled differently by several subsequent decisions of this court. *Sans* v. *The People*, 3 Gilm. 327 ; *Crisman* v. *The People*, id. 851 ; *Pasfield* v. *The People*, id. 406, and *McFarlan* v. *The People*, 13 Ill. 9, in all which cases it is held that on a *scire facias* upon a joint and several recognizance where service is had on one or more of the cognizors and a return of *nihil* as to the rest, execution may be awarded against those served with process.

The recognizance in question, is, by law, several as well as joint. Scates' Comp. 290.

Upon the first point, it is immaterial in order to fix the liability of the cognizors, whether an indictment has been found or not. The recognizance is forfeited though no indictment is found. *Alley* v. *The People*, 1 Gilm. 112, cited by State's Attorney ; *State* v. *Stenet*, 6 Halstead, 124 ; *State* v. *Cooper*, 2 Blackf. 226. On neither point made can the judgment be disturbed.

*Judgment affirmed.*