# Rogers *v.* The State.

*Scire Facias against Bail, on Forfeited Recognizance.*

1. *Discharge of bail, by discontinuance of prosecution.*—Where a person is bound over to appear at the next term of the Circuit Court, and from term to term thereafter until discharged by law (Code, § 4852), to answer for an offense with which he is charged on preliminary examination before a magistrate; if no indictment is found against him at that term of the court, no forfeiture taken, and the case not continued for further investigation, the prosecution is discontinued, and the sureties on the recognizance are discharged.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAMES E. COBB.

The record shows that Henry Holifield, on preliminary investigation before a justice of the peace, under a charge of burglary, "was ordered to be held to answer said offense, and the sheriff was ordered to take and approve bond, in the sum of $200, in all respects as provided and required by law;" and that a bond was thereupon taken from him by the sheriff, with Lewis Holifield and J. M. Rogers as sureties, which was dated and approved on the 23d December, 1884, and by which they promised to pay the State of Alabama $200, "unless the said

[Rogers v. The State.]

Henry Holifield appear at the next term of the Circuit Court of said county, and from day to day thereof, and from term to term thereafter, until discharged by law, to answer a criminal prosecution for the offense of burglary." At the ensuing Spring term, 1885, of the Circuit Court, no indictment was found against the defendant, and "no order or action of the court was taken or asked, either to continue the charge, or to discharge the obligors from said bond." At the next December term, 1885, an indictment for the alleged offense was found against said Holifield; and he having failed to appear, a conditional judgment was entered against him and his sureties. At the same term, Rogers, one of the sureties, appeared, waived the issue or service of a *scire facias*, and pleaded the facts above set forth, claiming that the sureties were discharged by the failure to find an indictment at the first term of the court, or to make any order continuing the case. The facts being admitted as stated, the court held that the sureties were not discharged, because no order discharging them was made or asked; and therefore made the judgment final against them, but only for twenty-five dollars. The conditional judgment, and the final judgment, are now assigned as error.

THOS. H. WATTS, L. E. PARSONS, Jr., and J. H. PARKER, for appellant, cited *Goodwin v. State*, 1 Stew. & P. 465.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The facts averred in the pleas constitute a good defense to the action. These facts being established, there was no such failure to appear on the part of Holifield as to forfeit the undertaking of the sureties on his bail-bond, in the manner and at the time such forfeiture was taken. The practice on this subject was settled in the case of *Goodwin v. The Governor*, 1 Stew. & Port. 465, which was decided as early as the year 1832, and has never been since overruled. It was there held, that when a party was recognized to appear at a particular term of the Circuit Court, to answer for an offense with which he was charged, and the grand jury failed to find an indictment against him, and the cause was not continued for further investigation, this operated as a discontinuance, and discharged the accused, in the absence, at least, of any forfeiture being taken for sufficient reasons at such term of the court.

There are cases, in other States, which hold that the accused is not discharged, until the court enters of record an order of exoneration to this effect. But we see no harm to ensue from adhering to the rule settled in *Goodwin's Case, supra*. If the

[Brown v. The State.]

accused is not called at the term of the court at which he was to appear by the express stipulation of his bond, and no indictment is found against him by reason of the grand jury's ignoring the bill, and the Circuit Court makes no order authorizing a continuance of the investigation at the ensuing term, the sureties have a right to believe that they are discharged from the obligation of their undertaking. If one term of the court can be passed without action by the grand jury, or the court, why not another? And if more than one, when are the sureties to know that the legal custody of the accused, with the power to arrest and deliver him into the hands ·of the sheriff, has ceased, or been abrogated?

The safer practice, perhaps, to prevent misunderstanding, is for the court to have the accused discharged by proclamation, and by entering of record an *exoneretur;* though this course is not deemed necessary, nor is it believed to be customary in this State. But, where it is desired to authorize a continuance of the investigation by the grand jurors, the court, in order to hold the sureties, should make an order to this effect, showing a refusal to discharge the principal.—1 Bish. Cr. Proc. (3rd Ed.) § 870 *a*, § 264 *f*; *Rex v. Palmer*, 6 Car. & P. 652; *Knott v. Sargent*, 125 Mass. 95.

The discontinuance of this cause operated as a legal discharge of the accused. The Circuit Court erred in not so ruling.

The judgment is reversed, and the cause remanded.