# The State v. Kyle.

*Action against Bail, on Forfeited Recognizance.*

1. *What discharges bail; failure to find indictment.*—When a recognizance is conditioned for the appearance of the principal at the next term of the Circuit Court, "and from term to term thereafter until discharged by law" (Code, §§ 4420, 4431), and he fails to appear at the next term of the court, the bail are not discharged by the failure to find an indictment against him at that term. when it appears that the case was regularly entered on the docket and continued, and that no order discharging them was asked or granted.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. JOHN B. TALLY.

This action was brought in the name of the State, suing for the use of Cherokee county, against J. D. Williamson, R. B. Kyle, and others; was commenced on the 26th July, 1890, and was founded on a recognizance executed by said Williamson as principal, and by the other defendants as his sureties, the condition of which is set out in the opinion.

[The State v. Kyle.]

The record does not show how many of the defendants were served with process, or appeared and pleaded; nor does it show what pleas were filed, the judgment-entry only reciting that the cause was tried on issue joined. On the trial, the obligation sued on was read in evidence, and an agreement as to the facts as follows: "It is agreed that, some time in August, 1889, an affidavit was made before J. Gardner Stone, a justice of the peace for said county of Cherokee, charging John D. Williamson with the offense of unlawfully and with malice aforethought assaulting Patrick Calhoun with the intent to murder him; that said Williamson was then, and is now, a citizen of Georgia; that a requisition was made by the Governor of Alabama on the Governor of Georgia for the surrender of said Williamson, and he was surrendered; that said Williamson appeared before said J. G. Stone, justice of the peace as aforesaid, on September 30th, 1889, to answer said charge, waived all preliminary investigations, and appealed to a grand jury, by entering into said bond with sureties as set out in the complaint. It is agreed, also, that no indictment was or ever has been found against said Williamson for said offense, or any other, by a grand jury of said county; that said Williamson never appeared before said Circuit Court, at any term thereof, to answer said offense, but has made default therein; that said prosecution and case against said Williamson was entered on the trial docket of said Circuit Court, at the December term, 1889, and now stands on said docket, and has been regularly continued on said docket."

On these facts, the court charged the jury, on request, that they must find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and it is here assigned as error.

WM. L. MARTIN, Attorney-General, for appellant.—The defendants' obligation was not discharged, nor was the prosecution discontinued, by the failure of the grand jury to find an indictment at the first ensuing term of the court.—1 Bish. Crim. Pro., § 264; *People v. O'Brien*, 41 Ill. 303; *Garrison v. People*, 21 Ill. 535; *Wheeler v. People*, 39 Ill. 430, *State v. Cocke*, 37 Texas, 155; *State v. Storet*, 6 Halst. N. J. 124; *People v. Stager*, 10 Wend. 431; 143 Mass. 210.

COLEMAN, J.—This action was instituted in the name of the State of Alabama for the use of Cherokee county, and was commenced by regular summons and complaint. The suit was founded upon a bail-bond executed by the defend-

17

ant J. D. Williamson, and sureties, payable to the State of Alabama, "unless the said J. D. Williamson appear at the next term of the Circuit Court of Cherokee county, and from term to term thereafter until discharged by law, to answer a criminal prosecution for the offense of unlawfully and with malice aforethought assaulting Patrick Calhoun with the intent to murder him." The bond was approved by the magistrate who required the undertaking. We are unable to detect any defect in the bond, tending to affect its validity. It is in accordance with the form of bail-bonds as prescribed in section 4420 of the Code. The case was tried and submitted to the jury upon an agreed state of facts, which appears in the statement of the facts of the case. The condition of the bond is, that the defendant Williamson will appear from term to term until discharged by law.

By section 4431 of the Code, it is declared, "The essence of all undertakings of bail . . . is the appearance of the defendant at court ; and the undertaking is forfeited by the failure of the defendant to appear," &c. By the agreed statement of facts, the obligor did not appear at the next term of the court, and from term to term until discharged by law. By the failure to appear according to the undertaking, it was forfeited. The State had the right to pursue the statutory remedy, or bring suit upon the bond, averring the breach of its condition. The latter remedy was adopted. No pleas are set out. The judgment-entry states that, "issue being joined, came a jury," &c. We presume only the plea of the general issue was interposed. There are certainly no facts stated in the agreement which present a defense to the complaint. That the grand jury did not prefer an indictment, is no answer to the complaint. Possibly, the State was unable to procure the attendance of the witnesses at the next term of the court. Certainly the State has not abandoned the prosecution. The facts show that the case was regularly docketed and continued. There has been no order discharging the obligors from their undertaking. The sureties had the right to surrender their principal to the custody of the proper officer, and thereby secure their discharge. They might have appeared at court, and upon motion, sustained by proper showing, have obtained an order discharging their principal. They might have shown, if the facts warranted it, providential cause, or unavoidable hindrances, which prevented the performance of the conditions of the bond. The one fact that the grand jury did not indict, does not answer the complaint. This conclusion is sustained by the decisions of this court, as

well as those of many other States.—2 Amer. & Eng. Encyc. of Law, p. 32; *Wheeler v. The People,* 39 Ill. 430; *Garrison v. The People,* 21 Ill. 535; *State v. Cocke,* 37 Tex. 155; *People v. Stager,* 10 Wend. (N. Y.) 431; *Commonwealth v. Teevens,* 143 Mass. 210; *State v. Stout,* 6 Halstead (N. J.) 124.

It may be that, if there had been no order made in reference to the bond, such as calling the principal obligor, and declaring a forfeiture upon his failure to appear, or docketing the case against them and continuing it for future action, such omission might have worked a discontinuance of the case, which would have authorized the discharge of the obligors. But the action of the court, as shown by the agreed facts, clearly shows that the State had not discontinued the prosecution, and made no order discharging the bail.—*Goodwin v. Governor,* 1 S. & P. 465; *Rogers v. The State,* 79 Ala. 59.

The court erred in charging the jury to find for the defendants.

Reversed and remanded.