# *Ex Parte* Stearnes.

## Application for Habeas Corpus.

1. *Discharge of prisoner by discontinuance of prosecution.*—Where, after a prisoner is committed to jail upon preliminary examination to answer the charge of grand larceny, and while he is still in custody, a regular term of the circuit court of the county is held, and no indictment is found against him for the offense with which he is charged, and no order is made by the court continuing the cause for investigation, and the court adjourns without taking any action whatever in his case, there is a discontinuance of the prosecution, the *mittimus* becomes *functus officio*, and the prisoner is entitled to be discharged.

The facts of the case are sufficiently stated in the opinion.

LUSK & BELL, for petitioner.—1. Imprisonment, though legal in its inception, may become by subsequent omissions, acts and events illegal and unlawful.—Code of 1886, § 4785; *Kirby v. State*, 62 Ala. 57; *Ex parte Rand*, 99 Ala. 302; *Ex parte Crews*, 78 Ala. 457; *Ex parte King*, 82 Ala. 59.

2. When a man is in jail, he is subject to no greater liabilities, and deprived of no other rights under the law than he would be if he was out under bail, except that in the latter instance he is permitted to go at large, and

[*Ex parte* Stearnes.]

in contemplation of law he is in the custody of his sureties, instead of being confined within the county jail. His rights are the same as to the *status* that the prosecution may assume in the courts in which he may be prosecuted. His sureties are his jailors.—*Cooper v. State*, 32 Amer. Rep. 571; *Gay v. State*, 20 Tex. 507; 2 Amer. & Eng. Encyc. of Law, 1.

3. Where a person is bound over to appear at the next term of the circuit court to answer for an offense with which he is charged on preliminary examination, and no indictment is found against him at that term of the court, and the case is not continued for further investigation, the prosecution is discontinued.—*Rogers v. State*, 79 Ala. 59; *Goodwin v. Governor*, 1 Stew. & Por. 465; *State v. Kyle*, 99 Ala. 256.

Wm. L. Martin, Attorney-General, for the State.—In *Ex parte State in re Tate*, 76 Ala. 482, it is said: "Where a person is in custody under valid, legal process, and asked to be discharged on *habeas corpus*, 'by reason of some subsequent act, omission, or event,' it may be considered a safe general rule that he should not be discharged unless the facts have the legal force and effect of *autrefois acquit*." That the facts in this case have no such legal force is too plain for argument.—*Ex parte Crawlin*, 92 Ala. 101.

But it is respectfully submitted that *Rogers' Case*, 79 Ala. 59, is not in harmony with the terms of the statute declaring the effect of bail, nor is it in accord with the weight of authority elsewhere. Section 4427 of the Code declares: "The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until he is discharged by law." The discharge here mentioned has reference to some affirmative action of the court, by which the accused is permitted to depart. It can not result from a mere failure to call the defendant at the term of the court to which he was bound to appear; nor from a failure of the grand jury to return an indictment against him, nor from a failure on the part of the court to make an order continuing the cause for further investigation by the grand jury. The proposition advanced in *Rogers' Case*, that the sureties "have a right to believe

that they are discharged from the obligation of their undertaking," when no action is taken at the first term, is not sound. The sureties have no right to believe that they are discharged until the terms of the bail-bond, as declared by statute, have been complied with. And the further observation in that case, that "if one term of the court may be passed, without action by the jury or the court, why not another," &c., is equally fallacious. It is not to be presumed that the court would suffer itself to degenerate into an instrument of persecution and oppression, by indefinitely detaining a defendant when no action was in progress, or in contemplation, in his case. The reasonable and sound view of the matter is believed to be that the defendant must attend the court, in accordance with the terms of the statute, and of the bail-bond, until the law, through the court, discharges him. This is in harmony with the weight of authority.—2 Amer. & Eng. Encyc. of Law, 32; *State v. Stout*, 11 N. J. Law (6 Halst.) 124; *Com. v. Teevens*, 143 Mass. 210; *Garrison v. People*, 21 Ill. 535; *Wheeler v. People*, 39 Ill. 430; *People v. Stager*, 10 Wend. (N. Y.) 431; *Gentry v. State*, 22 Ark. 544; *State v. Brown*, 16 Iowa, 314.

McCLELLAN, J.—Petitioner was committed to jail on December 13th, 1893, on preliminary examination before the Probate Judge of Marshall county, to answer the charge of grand larceny, and has since remained and is now in custody under that commitment. The circuit court of Marshall county convened in regular session next after said commitment on April 4th, 1894, and immediately adjourned to Monday, the 16th day of April, 1894, and convened on said day, and was in session on that and the succeeding day, when it adjourned *sine die* for the term. It appears that this term was held only for the purpose of entering up judgments by default, and that no other business was done. No grand jury was organized, and, of course, no investigation of the charge against the petitioner was had. Not only so, but the cause of the State against him for the offense for which he was committed was not stated or entered in any way on any docket or record of the circuit court, and no order of continuance, for further investigation, or other purpose, was entered or made in his case, nor was the prisoner brought before the court for any purpose

during said term. After the adjournment thereof, he applied to the Probate Judge of Marshall county for a writ of *habeas corpus*, and prayed to be discharged from custody on the hearing thereof, on the ground that, on the facts we have stated, the prosecution against him had been discontinued. The writ issued, the petitioner was brought before the Probate Judge; and a hearing had. The relief prayed, however, was denied, and he was remanded to custody. He now renews his petition for *habeas corpus* and discharge in this court.

It is clear on principle that the rights of a party committed to, and, in default of bail, confined in jail to answer an indictment to be thereafter preferred against him, are precisely the same as those of a party under bond to appear and answer an indictment thereafter to be preferred, in respect of enlargement or discharge, the one from jail and the other from the restraint of the bond, on account of any lapse, chasm or discontinuance of the prosecutions against them, severally, since each is alike in custody, the one in that of the sheriff and the other in that of his bail, for the same purpose and to the same end.—2 Am. & Eng. Encyc. of Law, p. 1; *Cooper v. State*, 32 Am. Rep. 571; *Gay v. State*, 20 Tex. 507.

In respect of a party on bail, it was decided by this court in *Rogers v. State*, 79 Ala 59, that "where a person is bound over to appear at the next term of the circuit court, and from term to term thereafter until discharged by law, to answer for an offense with which he is charged on preliminary examination before a magistrate; if no indictment is found against him at that term of the court, no forfeiture taken, and the case not continued for further investigation, the prosecution is discontinued and the sureties on the recognizance are discharged." This case followed the early one of *Goodwin v. The Governor*, 1 Stew. & Port. 465, and is virtually approved in *State to use &c. v. Kyle*, 99 Ala. 256. As is stated in the body of the opinion, there are authorities opposed to the view reached in this case of *Rogers v. State*; and at least a plausible argument against it is predicable on the statutory form of bail bonds whereby the sureties are bound for the appearance of the defendant at the next term of the court "and from term to term thereafter until discharged by law," and on the statute

giving that effect to bail.—Code, § 4427. But it is a general proposition that a discontinuance results in all cases from the passing of a term without any action whatever being taken—a general order of continuance or something ; and the statutory terms and effect of bail bonds may find a field of operation, probably commensurate with the legislative intent, in that they bind the defendant to appear at the next term of the court and, where indictment is then found, or an order of continuance for further investigation is then made, or a discontinuance on general principles does not result from omission of all action, from term to term thereafter until discharged by law. However that may be, we are not disposed and will not now disturb the authority of *Rogers v. State*, and the cases which preceded and followed it.

When a cause is discontinued, of course that cause is ended ; it no longer exists. In a criminal case, there is no longer a pending prosecution upon which the defendant may be held, and he must be discharged. The discharge thereby of the sureties on a recognizance, puts an end to their duty to produce the defendant. Resting under no duty to produce him, their custody of him, which was merely to serve this duty, is also at an end, and he is discharged therefrom. So that while *Rogers'* *Case*, and the others referred to, dealt only with the liability of sureties on bail pieces, they are equally of authority in respect of defendants confined in jail, to the effect that they also are discharged.

Applying, as we must, the principle of those cases to the case at bar the result must be the enlargement of the petitioner. A term of the court was held, and no action whatever was taken in his case. It does not appear even that a general order of continuance was made ; and conceding that we might presume that order to have been made, it would avail nothing here since this case nowhere appeared or had ever been entered on the dockets or records of the court, and would not have been reached by such order. It was pending by virtue of the commitment until the court should meet and at its first term take cognizance of it in some way. Having met and adjourned without any action upon it, the force of the *mittimus* was exhausted; it was *functus officio*. The circuit court not having taken hold of the prosecu-

tion and kept it alive by appropriate action, it was dead, at an end, discontinued. No case pending against the petitioner and no live warrant in the hands of the sheriff for his further detention, he is entitled to the writ he prays, and to be discharged from custody; and it will be so ordered.

*Habeas corpus* granted, and petitioner discharged.

## *Application for Habeas Corpus and Mandamus.*