# Young *et al. v.* The State.

### *Petition for Habeas Corpus.*

1. *Habeas corpus; effect of being bound over to answer indictment.*—Where one is bound over to answer an indictment, his case pends through the term of the court to which he is bound unless sooner discharged.

2. *Same; same.*—Where one is bound over to answer an indictment, and the court adjourns without taking any action in the case, he can not be longer detained, the mittimus being *functus officio.*

3. *Same; same; continuance.*—Where the court, no indictment having been found, enters an order of continuance for further investigation by the grand jury, the life of the *mittimus* is preserved, and defendant can properly be detained thereunder.

4. *Same; same; same.*—Where the city court has by the *mittimus* of the committing magistrate obtained jurisdiction of the person and offense of a defendant, he can not be discharged on *habeas corpus* during the life of the *mittimus.*

APPEAL from the City Court of Montgomtry.

Heard before the Hon. A. D. SAYRE.

The appellants, Henry Young and Smith Harris, filed their petition on November 21, 1901, addressed to Hon. A. D. Sayre, judge of the city court of Montgomery, in which they averred that the petitioners were imprisoned in the county jail of Montgomery county and were held by the sheriff of Montgomery county under a *mittimus* issued by Ben Screws, justice of the peace; that the said petitioners were discharged upon a *habeas corpus* proceedings by the Hon. A. D. Sayre on Novem-

ber 21, 1901, and are now arrested and held for the same charges and for identically the same offense; and that, therefore, their imprisonment is void and illegal.

The prayer of the petition was for the issuance of a writ of *habeas corpus* and that upon the hearing the petitioners be discharged. The petition and proceedings thereon in the first application for rehearing were attached as an exhibit to this petition.

The averment of the first application showed that on preliminary examination before B. C. Traver, recorder, etc., and ex-officio justice of the peace, on charge properly preferred, the defendants on default in giving the bail prescribed were, on a regular mittimus, committed to jail to answer an indictment to be preferred; that the grand jury first empannelled after this commitment adjourned without finding any bill of indictment; that during this term of the court on motion of the solicitor, the court, the defendants not being in court either at the time the motion was made or at the time the same was granted, entered a judgment, or order, continuing the case and holding the prisoners in custody, to await investigation of their custody by the next grand jury, and fixing the amount of bail. The judgment or order is as follows: "It appearing that the cases against Henry Young and Smith Harris (these petitioners), who are now confined in jail and have not been fully investigated by the present grand jury, on motion of the solicitor for the State, it is considered and ordered by the court that the above named persons be held in custody and that these cases be investigated by the next grand jury;" that a notice of this judgment and order was given the sheriff by the clerk of said court. The return to the writ of *habeas corpus* by the sheriff was as follows: "Sheriff's return. Executed by bringing defendants Smith Harris and Henry Young before your honor. The said defendants are held under an order of W. H. Thomas, associate judge of the city court of Montgomery, which is in substance as follows, to-wit: Defendants' petition denied and each remanded to the custody of the sheriff of Montgomery county. Bond fixed at two hundred and fifty dollars each. W. H. Thomas, associate judge of the city court of Montgomery

and by virtue of a commitment from B. C. Traver, recorder of the city of Montgomery, which is here attached and made a part of this return. W. R. Waller, sheriff of Montgomery county. Nov. 21st, 1901." Judge Sayre entered the following order: "Nov. 21, 1901. On examination the petitioners are discharged so far as shown by the sheriff's return hereon. A. D. Sayre, judge, etc."

It was shown on the hearing of the second application for *habeas corpus* that just before the petitioners were discharged, upon *habeas corpus* proceedings, the petitioners were re-arrested under a warrant issued by Ben Screws, justice of the peace, for the same offense for which they were formerly arrested; that there was no new evidence or new proof. Upon the hearing of the second petition for *habeas corpus,* the judge rendered the following order: "The bodies of Henry Young and Smith Harris, petitioners in the foregoing writ, being brought before me as directed on said writ on this day, and the said petition and the sheriff's return thereto being considered, I am of the opinion that petitioners ought to be held to answer at the next term of the grand jury. On hearing the first writ, I thought that the order of the court holding petitioners for investigation of the charge against them by a future grand jury was void because petitioners were not present in court when such order was made. That fact was shown by the evidence, and was not denied by the State. But I now find that petitioners were not entitled to a discharge from the prosecution pending in the city court except on an order of the court, or by lapse of the term, without an order holding them. * * * The term of the city court has not yet expired. There has been no discontinuance of the original prosecution. It is immaterial whether the petitioners were in court when the order was made, because the order itself was immaterial while the term lasted. The order holding petitioners was the order of the city court of Montgomery made while Judge Thomas was presiding there for the conduct of criminal business. The order discharging petitioners on the first writ of *habeas corpus* was made by me as judge. It did not affect the status of the prose-

cution then pending in the court, and can not, therefore, operate as a discontinuance of it. The process issued by the justice of the peace was void for lack of
jurisdiction. I now order that the petitioners be held
by the sheriff of Montgomery county under the commitment of the recorder of the city of Montgomery."

From this judgment the petitioners appeal, and assign the rendition thereof as error.

ROBERT G. ARRINGTON, for petitioners, cited Code,
1896,§ 4840; *Ex parte Cameron*, 100 Ala. 395; 15 Am.
& Eng. Ency. Law (2d ed.), 212; 17 *Ib.* 1298; 4 Black's
Com., 305; *United States v. Watkins*, 3 Cranch. 506;
Code, § 5027; *Fields v. State*, 121 Ala. 16; *Ex parte
Bryan*, 44 Ala. 402; Const., Art. I, § 7; *Ex parte Stern*,
104 Ala. 97.

CHAS. G. BROWN, Attorney-General, for the State,
cited *State v. Kyle*, 99 Ala. 256; *Rogers v. State*, 79
Ala. 56; *Knott v. Sargeant*, 125 Mass. 95; Freeman on
Judgments, § 135; 17 Am. & Eng. Encyc. Law (2d ed.),
p. 1042, pars. II and III, and notes 3 and 6; *Ex parte
Simmons*, 62 Ala. 417-18; *Ex parte Brown*, 63 Ala. 187;
*Ex parte Bizzell*, 112 Ala. 214; *Ex parte Robertson*,
123 Ala. 55; *Sudduth v. State*, 124 Ala. 37; *People v.
Ruloff*, 5 Parker's Cr. Rep. (N. Y.) 77.

HARALSON, J.—In the reasons assigned therefor by
Judge Sayre for his refusal to discharge petitioners on
their application, he states, that on hearing the first
writ of *habeas corpus* returnable before him when he
ordered the discharge of the prisoners, he thought that
the order of the city court, Judge Thomas as associate
judge presiding, holding petitioners for investigation
of the charge against them by a future grand jury was
void, because petitioners were not present in court as
appeared, when such order was made, but he now finds
that petitioners were not entitled to a discharge from
the prosecution pending in the city court, except on
an order of the court, or by lapse of the time without
an order holding them. He adds: "The term of the
city court has not yet expired. There has been no

discontinuance of the original prosecution. It is immaterial whether the petitioners were in court when the order was made, because the order itself was immaterial while the term lasted. The order holding petitioners was the order of the city court of Montgomery, made while Judge Thomas was presiding there, for the conduct of criminal business. The order discharging petitioners on the first writ of *habeas corpus* was made by me as judge. It did not affect the status of the prosecution then pending in the court, and cannot, therefore, operate as a discontinuance of it. * * * I now order that petitioners be held by the sheriff of Montgomery county, under commitment of the recorder of the city of Montgomery."

There can be no question but that the conclusion of the learned judge was correct. It is well settled with us, that when one is bound over to the circuit or city court, to answer an indictment, his case pends through the term of the court to which he is bound, unless sooner discharged. If the court should fail before the adjournment of its term, to take any action in the case, the mittimus by which the defendant is held, would become exhausted—*functus officio*—leaving nothing upon which defendant could longer be detained. But, if the court, no indictment having been found, should enter an order of continuance of the case for further investigation by a grand jury, a discontinuance would be intercepted, the life of the mittimus preserved, and defendant properly held thereunder.—*Rogers v. The State,* 79 Ala. 59; *Ex parte Stearnes,* 104 Ala. 97; *Fuller v. The State,* 122 Ala. 32.

The city court having by the mittimus of the recorder obtained jurisdiction of the persons and offenses of the petitioners, to dispose of their cases, this jurisdiction could not be taken away or interfered with by any officer authorized to issue the writ, to discharge them on *habeas corpus.* The first order to discharge them was, therefore, void, and the judge committed no error in refusing to discharge petitioners, under the writ in this case.

It is unnecessary to consider the matter of the re-arrest of petitioners under a warrant from Justice Screws.

Affirmed.