# The State *v.* Graham.

### *Habeas Corpus Proceedings.*

1. *Discharge of prisoner by discontinuance of prosecution.*—Where one charged with the commission of a felony is imprisoned in a county jail under a *mittimus* issued by a justice of the peace, and while he is still in custody a regular term of the circuit court is held and no indictment is preferred against him by the grand jury organized at that term, and no order is made by the court continuing the cause for investigation, and the court adjourns without taking any action whatever in such case, there is a discontinuance of the prosecution, the *mittimus* becomes *functus officio*, and the prisoner is entitled to be discharged; and the fact that an order of continuance is shown to have been entered upon the docket kept by the grand jury, does not prevent the discontinuance of the prosecution.

APPEAL from judgment of Judge of Probate Court of Coffee County.

Heard before the Hon. F. M. RUSHING.

The appeal in this case was taken by the State of Alabama from a judgment of the Probate Judge of Coffee County, discharging the appellee, Hardy Graham, under *habeas corpus* proceedings, the said proceedings being instituted by said Graham, asking for his discharge. The facts of the case are sufficiently stated in the opinion.

MASSEY WILSON, Attorney-General, for the State.

No counsel marked as appearing 'for appellee

TYSON, J.—Petitioner was imprisoned in the county jail for a felony upon a *mittimus* issued by a justice of the peace on the 6th day of August, 1902, and in default of bail which was fixed by the justice in the sum of five hundred dollars, he has remained and is

now in custody under that commitment. The Circuit
Court convened in regular session at the fall term
thereof and no indictment was preferred against him
by the grand jury organized at that term. In *Ex parte
Stearnes,* 104 Ala. 93, applying the principles which
control in cases where the defendant is enlarged on bail
and no indictment is found by the grand jury at the
term of the court to which he is bound by his under-
taking to appear and no forfeiture taken and the case
not continued for further investigation, it was held
that there was a discontinuance of the prosecution, the
*mittimus* becomes *functus officio,* and the prisoner en-
titled to his discharge.

In this case an order of continuance is shown to have
been entered upon the docket by the grand jury. No
order is shown to have been entered by the court upon
the minutes or elsewhere upon its records. So then,
the question presented is whether the order of con-
tinuance made by the grand jury operated to prevent
a discontinuance of the prosecution.

At common law the powers of a grand jury, in the in-
vestigation of an offense, were very limited. Indeed
"the rule was to prepare indictments, send them before
the grand jury, administer proper oaths to the wit-
nesses in open court and send them before the grand
jury, to be examined by them touching the truth or
falsity of the charge preferred in said indictment."
*Banks v. State,* 78 Ala. 14. Their sole duty was to say
whether the evidence adduced before them made out
a sufficient case against the prisoner to warrant his
being put upon his trial before the petit jury. And if
a majority of them (amounting to twelve at least)
found the evidence made a sufficient case, it was the
duty of the foreman to indorse on the bill "A true bill"
and sign his name to it. On the other hand, if a major-
ity were of a different opinion, then the words "Not a
true bill" were indorsed.—1 Archibold Cr. Pr. and
Pl. top pages 304-307. Clearly under this rule the
grand jury had no authority to continue a case which
had been submitted to them by the court for investi-
gation by another grand jury.

While our statutes have enlarged the scope of the

powers and duties of the grand jury, they have not conferred upon them the authority of continuing cases so as to prevent a discontinuance of the prosecution. Such an order to have that effect and operation must be made by the court.— *Rogers v. State,* 79 Ala. 59, 61.
Affirmed.