73 So.2d 774

**JACKSON v. STATE.**

8 Div. 342.

Court of Appeals of Alabama.

June 29, 1954.

Harold T. Pounders, Florence, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was charged with murder in the second degree. He was convicted of manslaughter in the first degree and was sentenced to the penitentiary for a term of four years.

The appeal is on the record proper, without a transcript of the evidence.

Defendant was arrested on June 8, 1952, on a charge of murder under a warrant issued by a Justice of the Peace. On June 17, 1952, he was released on bond to await the action of the grand jury. The grand jury met and investigated many charges, but adjourned without returning an indictment against defendant. No order was made by the court continuing the cause. At the November, 1952, term of the court a new grand jury was organized and the indictment charging murder in the second degree was preferred.

Insistence is made that the court erred in denying defendant's motion to quash the indictment, based on the grounds that no indictment having been found at the July term, and no order of continuance having been made by the court, the mittimus under which appellant was held was rendered functus officio, and the indictment void.

Where a person is bound over to appear at the next term of the circuit court to answer for an offense with which he is charged on preliminary examination before a magistrate, if no indictment is found against him and no order is made by the court continuing the cause, and the court adjourns without taking any action in the case, the prosecution is discontinued, the mittimus becomes functus officio and the prisoner is entitled to be discharged from custody in a habeas corpus proceeding. Ex parte Stearnes, 104 Ala. 93, 16 So. 122; Young v. State, 131 Ala. 51, 31 So. 373. But the fact that the mittimus under the former charge became functus officio did

not render the indictment void and the court properly overruled defendant's motion. Cobb v. State, 17 Ala.App. 479, 85 So. 870.

There being no error in the record the judgment of conviction is affirmed.

Affirmed.