BRADLEY, Judge.
On January 31, 1980 Robert Lee Holmes was arrested on charges of possessing and selling marijuana. Bail was set at $300.00 and $1,000.00, respectively, and Livingston Bail Bonds became surety on these two bonds. The pertinent terms of the bonds required the principal, Robert Lee Holmes, to appear before the Montgomery County District Court on February 22, 1980 “or at the next session of circuit court of said county; there to await the action by the grand jury and from session to session thereafter until discharged by law.”
Holmes did not appear in the district court at the appointed time; however, the district court did not certify to the circuit court that Holmes had failed to appear as required and thus had defaulted on his bonds. § 15-11-4, Code 1975.
On September 15, 1980 Holmes was indicted by the Montgomery County grand jury for possessing and selling marijuana. Bail was set by the circuit court at $500.00 on the possession charge and $1,000.00 on the charge of selling marijuana. No post-indictment bail bonds were made by Holmes.
Holmes failed to appear in circuit court for arraignment on the charges made against him by the grand jury, and, on September 22,1980 the circuit court entered conditional judgments of forfeiture in favor of appellee in the amounts of $300.00 and $1,000.00. These judgments were made final on January 9, 1981 and Livingston Bail Bonds appeals.
Appellant says the trial court erred in forfeiting the bonds because the district court failed to certify a forfeiture to the circuit court for the failure of Holmes to appear for the preliminary hearing; that the district attorney failed to prefer charges against Holmes at the March 1980 *422 session; and that the trial court failed to continue the grand jury’s inquiry into charges made against Holmes for each month subsequent to March 1980.
Appellant’s first contention is that the forfeitures were erroneous for the reason that the district court had failed to certify a default to the circuit court when Holmes failed to appear on February 22, 1980.
When a defendant fails to appear at the appointed time in the district court for a preliminary hearing, such default can be certified to the circuit court where proceedings can be had to forfeit bail. § 15-11-4, Code 1975. No such default was certified to the circuit court.
We conclude, therefore, that the forfeitures of bail entered by the circuit court against appellant could not be predicated upon Holmes’s failure to appear in the district court for a preliminary hearing and, as a matter of fact, were not so predicated.
Appellant next says that the forfeitures are erroneous because (1) the district attorney did not present the charges against Holmes to the March 1980 grand jury (the Montgomery County grand jury convenes monthly) which was the next session of the grand jury after the district court proceedings; and (2) the circuit court failed to continue the grand jury’s inquiry into the charges from month to month and until the indictments were handed down.
It is undisputed that Holmes was not indicted on the two charges until September 1980. Holmes’s bonds, however, required him to appear at the next session of the circuit court “there to await the action by the grand jury and from session to session thereafter until discharged by law.” The next session of the circuit court grand jury would have been in March 1980. Holmes did not appear at the March grand jury nor any grand jury thereafter. But the grand jury did not indict Holmes until the September 1980 session. For his failure to appear for arraignment, Holmes’s bonds were forfeited by the trial court.
Appellant argues that the failure to present the charges against Holmes at the March 1980 grand jury worked a discontinuance of its undertaking and it was, therefore, relieved of its obligations under the bonds. For this position appellant relies on Rogers v. State, 79 Ala. 59 (1885).
In the cited case, Rogers was surety on a criminal appearance bond for Henry Holi-field. In the undertaking, Rogers had agreed to pay $200.00 to the State of Alabama “ ‘unless the said Henry Holifield appear at the next term of the Circuit Court of said county, and from day to day thereof, and from term to term thereafter, until discharged by law, to answer a criminal prosecution for the offense of burglary.’ ” At the spring term of the circuit court the grand jury did not indict Holifield even though the burglary charge had been presented to them; neither did the circuit court continue the charge against Holifield to the next term of court nor did it discharge Rogers from liability on the bond.
The supreme court held that Rogers should have been discharged from liability on his bond because the grand jury had not indicted Holifield on the burglary charge at the circuit court’s spring term and had neither continued the matter to the next term of court nor discharged Rogers from liability-
Unlike the factual situation in the Rogers case, the grand jury in the case at bar did not receive the case at the March 1980 session nor at any session thereafter until September 1980. The district attorney held the matter, apparently for investigation, during this period. The record fails to show that the matter was placed on the March 1980 grand jury docket or any subsequent docket until September 1980.
In Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894), a similar situation existed, i.e. a defendant was in jail on a felony charge and the matter was not taken up by the grand jury at the next term of circuit court nor was it even docketed or placed on any record of the circuit court and no order of continuance by the circuit court was entered. The supreme court held:
In respect of a party on bail, it was decided by this court in Rogers v. State, *423 79 Ala. 59, that “where a person is bound over to appear at the next term of the circuit court, and from term to term thereafter until discharged by law, to answer for an offense with which he is charged on preliminary examination before a magistrate; if no indictment is found against him at that term of the court, no forfeiture taken, and the case not continued for further investigation, the prosecution is discontinued and the sureties on the recognizance are discharged.” ... [W]e are not disposed and will not now disturb the authority of Rogers v. State, and the cases which preceded and followed it.
When a cause is discontinued, of course that cause is ended; it no longer exists ....
Applying, as we must, the principle of those cases to the ease at bar the result must be the enlargement of the petitioner. A term of the court was held, and no action whatever was taken in his case. It does not appear even that a general order of continuance was made; and conceding that we might presume that order to have been made, it would avail nothing here since this case nowhere appeared or had ever been entered on the dockets or records of the court, and would not have been reached by such order. It was pending by virtue of the commitment until the court should meet and at its first term take cognizance of it in some way. Having met and adjourned without any action upon it, the force of the mittimus was exhausted; it was functus officio. The circuit court not having taken hold of the prosecution and kept it alive by appropriate action, it was dead, at an end, discontinued.
See Jackson v. State, 37 Ala.App. 647, 73 So.2d 774 (1954).
In the case at bar Holmes was not called at the March 1980 term of the grand jury, which would have been the next term of the circuit court after the district court proceedings, nor was he called at any session thereafter until the September 1980 session. Furthermore, the record fails to disclose that the matter was docketed or placed on any record of the grand jury for the March 1980 session and the record fails to show that the matter was continued by the circuit court from the March 1980 grand jury session to a subsequent session. Based on this state of the record, we conclude that we are bound to observe the rule enunciated in the cited cases and hold that the appellant was discharged from liability on the two bonds in question when the two criminal charges were not presented to or acted upon by the March 1980 grand jury or duly continued to a subsequent grand jury by the circuit court. See Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972). The judgment of the trial court is reversed and the cause remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.