ALMON, Justice.
This petition for writ of certiorari was granted to determine the effect of the decision of the Court of Civil Appeals, 416 So.2d 421, on the relatively new consolidated bond system. Manual of Standardized Court Forms, Consolidated Bond, C-52 (October 1, 1979). The purpose of this system is to relieve a defendant of the double cost of securing his freedom pending trial, while at the same time assuring his presence at each stage of the proceedings. Under the old system, the defendant was frequently rearrested following the indictment whereas the present procedure, absent an increase in bond, allows the defendant to remain at large under the same bond.
Robert Lee Holmes was arrested on January 31, 1980, and charged with possession and sale of marijuana. His bail was set at $300 and $1,000 respectively, with Livingston Bail Bonds acting as surety on the bonds. As a condition of his release on these bonds, Holmes was to appear before the Montgomery County District Court on February 22,1980, “or at the next session of circuit court of said county; there to await the action by the grand jury and from session to session thereafter until discharged by law.” At the appointed date, Holmes did not appear before the district court.
The Montgomery County grand jury returned an indictment against Holmes on both counts on September 15, 1980. The circuit court set bail at $500 and $1,000 for the possession and sale charges. At this time, Holmes made no post-indictment bail bonds. Again Holmes failed to appear in circuit court for arraignment and on September 22, 1980, forfeiture was taken by the circuit court for $300 and $1,000. On January 9, 1981, these judgments were made final and Livingston Bail Bonds appealed. The Court of Civil Appeals subsequently reversed and remanded with instructions, stating they were bound by prior cases to hold that Livingston was discharged from liability on the bonds when the criminal charges were not presented to or acted upon by the March 1980 grand jury or duly continued to a subsequent grand jury by the circuit court.
The Court of Civil Appeals relied almost exclusively on the cases of Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894), and Rogers v. State, 79 Ala. 59 (1885).
When Stearnes and Rogers were decided the circuit courts of this state were required to hold at least two terms of court each *425 year. See § 144, Constitution 1901, and § 6667, Code 1923. Section 6667 provided:
“The circuit courts of the several counties of the state shall be open for the transaction of any and all business, or judicial proceedings of every kind, from the first Monday in January to and including the last Saturday of June of every year; and from the first Monday after the fourth of July to, and including, the last Saturday before Christmas day of every year.”
In common vernacular, sessions of court are referred to loosely as terms of court, but technically speaking only sessions of court are now held because terms have been abolished. Williams v. Wicker, 235 Ala. 348, 179 So. 250 (1938); Du Pree v. Hart, 242 Ala. 690, 8 So.2d 183 (1942); Burns v. State, 246 Ala. 135, 19 So.2d 450 (1944); Wyres v. State, 32 Ala.App. 630, 29 So.2d 155 (1947); Mann v. State, 265 Ala. 441, 91 So.2d 689 (1956).
Code 1975, § 12-11-4, provides:
“The circuit courts of the several counties of the state shall be open for the transaction of any and all business or judicial proceedings of every kind at all times. [Emphasis added.]”
The cases of Stearnes and Rogers were bottomed entirely on the old practice of terms of court. Today, however, grand juries in some counties are in session on a monthly basis. If the precedent of Stearnes and Rogers is followed, not only would the surety be absolved from liability on the bond, but the defendant would be discharged because the entire prosecution would be discontinued.
“In respect of a party on bail, it was decided by this court in Rogers v. State, 79 Ala. 59, that ‘where a person is bound over to appear at the next term of the circuit court, and from term to term thereafter until discharged by law, to answer for an offense with which he is charged on preliminary examination before a magistrate; if no indictment is found against him at that term of the court, no forfeiture taken, and the case not continued for further investigation, the prosecution is discontinued and the sureties on the recognizance are discharged.’ This case followed the early one of Goodwin v. The Governor, 1 Stew. & Port. 465, and is virtually approved in State to use &c. v. Kyle, 99 Ala. 256 [13 So. 538]. As is stated in the body of the opinion, there are authorities opposed to the view reached in this case of Rogers v. State; and at least a plausible argument against it is predicable on the statutory form of bail bonds whereby the sureties are bound for the appearance of the defendant at the next term of the court ‘and from term to term thereafter until discharged by law,’ and on the statute giving that effect to bail. — Code, § 4427. But it is a general proposition that a discontinuance results in all cases from the passing of a term without any action whatever being taken — a general order of continuance or something; and the statutory terms and effect of bail bonds may find a field of operation, probably commensurate with the legislative intent, in that they bind the defendant to appear at the next term of the court and, where indictment is then found, or an order of continuance for further investigation is then made, or a discontinuance on general principles does not result from omission of all action, from term to term thereafter until discharged by law. However that may be, we are not disposed and will not now disturb the authority of Rogers v. State, and the cases which preceded and followed it.
“When a cause is discontinued, of course that cause is ended; it no longer exists. In a criminal case, there is no longer a pending prosecution upon which the defendant may be held, and he must be discharged. The discharge thereby of the sureties on a recognizance, puts an end to their duty to produce the defendant. Resting under no duty to produce him, their custody of him, which was merely to serve this duty, is also at an end, and he is discharged therefrom. So that while Rogers’ Case, and the others referred to, dealt only with the liability *426 of sureties on bail pieces, they are equally of authority in respect of defendants confined in jail, to the effect that they also are discharged. [Emphasis added.] ”
Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894).
Hence, Stearnes and Rogers would require the circuit court to enter an order of continuance in each case pending before the grand jury, if other action is not taken, or the state would suffer discontinuances in those cases. This would cause a great deal of confusion, the discontinuance of many cases and unnecessary paper work. Therefore, the cases of Stearnes and Rogers are overruled to the extent that they conflict with this decision.
The language of the bond is clear and we are confident that the defendant, as well as his bondsman, understood their obligations. The surety is bound by its obligation until discharged by order of the court. Should an inordinate delay occur, the surety is free to petition the court for appropriate relief. The defendant, on the other hand, may invoke the constitutional right to a speedy trial should it be applicable. Were it otherwise, the defendant, by twice unlawfully failing to appear in court, would go free and his bondsman would be absolved from liability.
For the above reasons, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, SHORES, EMBRY, BEAT-TY and ADAMS, JJ., concur.
TORBERT, C. J., and JONES, J., dissent.