TORBERT, Chief Justice
(dissenting).
I respectfully dissent. Based upon Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894), and Rogers v. State, 79 Ala. 59 (1885), the Court of Civil Appeals was correct in holding that Livingston Bail Bonds was discharged from liability on the bonds when no action was taken on the criminal charges by the March 1980 grand jury and/or the case was not duly continued to a subsequent grand jury by the circuit court.
In Rogers v. State, 79 Ala. 59 (1885), Rogers was a surety on a criminal appearance bond for one Holifield, who was arrested and released on bond on December 23, 1884. Rogers was to pay $200.00 to the State unless Holifield appeared at the next term of the circuit court and from term to term thereafter until discharged by law. At the spring 1885 term of the circuit court, the grand jury made no indictment, even though the defendant’s burglary charge had been presented to them. The Supreme Court held that Rogers, the surety, should have been released from liability on the bond:
“If the accused is not called at the term of the court at which he was to appear by the express stipulation of his bond, and no indictment is found against him by reason of the grand jury’s ignoring the bill, and the Circuit Court makes no order authorizing a continuance of the investigation at the ensuing term, the sureties have a right to believe that they are discharged from the obligation of their undertaking. If one term of the court can be passed without action of the grand jury, or the court, why not another? And if more than one, when are the sureties to know that the legal custody of the accused, with the power to arrest and deliver him into the hands of the sheriff, has ceased, or been abrogated?”
79 Ala. at 60-61.
A case more factually similar to the case at bar is Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894). In that case, as in the present case, the grand jury did not consider the case at the next term of the circuit court. Neither was the case docketed or placed on record. The Court, following Rogers v. State, held:
“Applying, as we must, the principle of those cases to the case at bar the result must be the enlargement of the petitioner. A term of the court was held, and no action whatever was. taken in his case.... The circuit court not having taken hold of the prosecution and kept it *427 alive by appropriate action, it was dead
104 Ala. at 97-98, 16 So. 122.
As stated by the Court of Civil Appeals, the record fails to disclose that Holmes’s case was even docketed or placed on any record of the grand jury from March until September of 1980, and nothing shows that the case was continued by the circuit court from session to session. In Ex parte Stearnes, 104 Ala. 93, 16 So. 122 (1894), the Court stated:
“[I]t is a general proposition that a discontinuance results in all cases from the passing of a term without any action whatever being taken — a general order of continuance or something . .. . ”
104 Ala. at 97, 16 So. 122. Since no action was taken to continue the case, the Court of Civil Appeals was correct in concluding that Livingston Bail Bonds was discharged from liability on the two bonds.
The majority takes great pains in distinguishing “terms of court,” as used in Stearnes and Rogers, and “sessions of court” used in today’s court system. Yet the practical effect of this distinction is of little consequence and still leaves unanswered the primary issue addressed in this case: If the new consolidated bond system is good for more than one session of the grand jury, then for how many sessions is it good and at what point in time, if ever, will a lengthy delay require that the cause be discontinued?
While the purpose of the new consolidated bond system is, as stated by the majority, to relieve a defendant of the double cost of securing his freedom pending trial, while still assuring his presence at each stage of the proceedings, I cannot join the majority’s conclusion, which, in effect, overrules Ex parte Stearnes and Rogers v. State. In my judgment, this problem could be eliminated in future cases where no indictment is found; the prosecution can be kept alive by entering an order of the circuit court continuing the case until the next session. This would prevent the automatic discontinuance mandated by Rogers and Stearnes and would insure that the consolidated bond system operates as it was intended. For this reason I would quash the writ as improvidently granted.
JONES, J., concurs.