## Percy *v.* The State.

*Indictment for Grand Larceny.*

1. *Absent witness; when secondary evidence of former testimony admissible.*—When a witness, who has been examined in a criminal case before a tribunal of competent jurisdiction, can not, after diligent search, be found within the jurisdiction of the court, or if it is shown that he has left the State permanently, or for such an indefinite time that his return is contingent and uncertain, secondary evidence is admissible to prove what he testified on the former trial of the same case.

[Percy v. The State.]

2. *Same; same; such evidence not rendered inadmissible by the waiver of examination before committing magistrate.*—Where, upon the preliminary hearing before a magistrate on a charge of felony against the accused, the defendant waives an examination, such waiver does not preclude the magistrate from an examination into the evidence of the case; and if, in conducting the examination, he reduces the testimony of the witness to writing, which is signed by them, in a subsequent trial of the cause, upon it being shown that one of the witnesses examined on the preliminary hearing was absent from the State and beyond the jurisdiction of the court, the testimony of such witness, as reduced to writing by the committing magistrate, is admissible in evidence; and it is no objection to the competency of such testimony that on the preliminary hearing the defendant waived an examination.

3. *Same; same; case at bar.*—When it is shown that a witness who was examined at the preliminary hearing of a case was a private in a regiment in the United States Army, which was temporarily in camp at the place of trial, and that the home of said witness was in a distant State, upon the sheriff testifying that he had been unable to find said witness within the county of the trial, and it being further shown that the regiment in which he was a private had removed from the said county, such evidence is sufficient, *prima facie*, to show that said witness was out of the State at the time of the pending trial, so as to lay a proper predicate for the admission of secondary evidence as to the testimony of the said witness on the preliminary trial.

4. *Same; same; same.*—In such a case, where it is shown that one of the witnesses was a teamster in the United States Army, but was not an enlisted man, that he worked as a teamster by the month, that there were several men who lived in the county of the trial who had been teamsters in said Army and did not go away with the Army when it departed, and it is not shown what diligence had been exercised to find the witness, or whether any search had been made for him or not, and it is not shown whether said witness lived in said county or not, there is not a proper predicate laid for the introduction on a subsequent trial of the testimony of said witness taken before the committing magistrate.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The appellant, James Percy, was indicted, tried and

convicted for grand larceny. The facts of the case pertaining to the rulings of the trial court reviewed on the present appeal, are sufficiently stated in the opinion.

JOHN H. WALLACE and DAVID A. GRAYSON, for appellant.—There was not a sufficient predicate laid for the introduction of secondary evidence of what Arthur Forsythe and Ed. White testified on the preliminary examination of the defendant, and the court erred in admitting such evidence.—*McMunn v. State,* 113 Ala. 86; *Harris v. State,* 73 Ala. 495; *Willis v. State,* 73 Ala. 362; *Marler v. State,* 67 Ala. 55; *Lucas v. State,* 96 Ala. 51.

CHAS. G. BROWN, Attorney-General, for the State. The court did not err in its ruling upon the admissibility of secondary evidence of the former testimony of the absent witnesses.—*Burton v. State,* 116 Ala. 10; *Mitchell v. State,* 114 Ala. 3; *Burton v. State,* 107 Ala. 73; *Lowery v. State,* 98 Ala. 47; *Perry v. State,* 87 Ala. 30.

The charges requested by the defendant were properly refused.—*Ferguson v. State,* 85 Ala. 18; *Farris v. State,* 85 Ala. 5; *Tanner v. State,* 92 Ala. 8; *Ramsey v. State,* 91 Ala. 31.

HARALSON, J.—It has been frequently held by us, that if a witness who has been examined in a criminal case before a tribunal of competent jurisdiction, is not subsequently, after diligent search, found within the jurisdiction of the court,—or, if that which is equivalent be shown, that he has left the State permanently, or for such an indefinite time that his return is contingent and uncertain,—it is admissible to prove the substance of the testimony he formerly gave.—*Burton v. The State,* 115 Ala. 1; *Mitchell v. The State,* 114 Ala. 1; *Lett v. The State,* 124 Ala. 64; *Matthews v. State,* 96 Ala. 62.

It was objected by the defendant, that the testimony of Arthur Forsythe and Ed. White, witnesses for the prosecution, taken before the committing magistrate in this case, was not admissible on this trial, on the ground that the defendant on that examination had waived a

preliminary hearing, and the evidence they then gave was illegal, incompetent and hearsay. We know of no statute which authorizes a defendant, when brought before a committing magistrate, on a warrant of arrest on a charge of felony, to waive an examination and thereby preclude an examination into the evidence by the magistrate. Section 5233 of the Code provides, "That the magistrate before whom the person is brought, charged with a public offense, must as soon as may be, examine the complainant and the witnesses for the prosecution on oath, in the presence of the defendant; and after the testimony for the prosecution is heard, the witnesses for the defendant must be sworn and examined;" and section 5235, directs that the evidence of the witnesses examined must be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively. In a misdemeanor case, it is provided, when the warrant is executed by the sheriff or his deputy, such sheriff or deputy may, on request of defendant, discharge him on sufficient bail for his appearance at the next term of the court, having jurisdiction of the offense, to answer an indictment therefor, if found, etc.; but, if the warrant is not executed by the sheriff or his deputy, at the defendant's request, he may be carried before any magistrate of the county, who may, without examination, and acting on the presumption that the offense is of an aggravated nature, discharge him on his giving sufficient bail for his appearance before the court having cognizance of the offense.— Code, §§ 5224-5226. It often occurs in arrests for felonies, that defendants appear before the committing magistrate and waive examination, and are bound over to answer indictments; but, when this is done, although the State may lose the advantage of a perpetuation of the evidence, the proceeding is not void, and the defendant cannot, thereafter, complain that the evidence was not taken down. On the other hand, if the magistrate proceeds, notwithstanding a waiver of examination, the defendant has no cause of complaint, and on his trial after indictment found, his waiver does not, in a proper case therefore, preclude the admissibility of the evidence being taken.

In this case, it appears that the evidence of these witnesses was taken down in their presence, under oath by and before the probate judge, who issued the warrant, and before whom defendant, after arrest was carried, and was signed by them respectively. The witness, Forsythe, swore that his home was Lawrence, Massachusetts, and that he was at Huntsville, Alabama, temporarily as a private in Company C, 16th U. S. Infantry. One Massingale swore, that he as deputy sheriff, had a subpoena in his hand for each of said witnesses, to appear before the grand jury of the Fall term of the court, 1899; that he made search for them at the time and could not find them, and had not looked in any of the precincts of the county except in Huntsville precinct, and could not remember any person of whom he made inquiries to learn whether they were in the State or not. He also swore, that Forstythe was a soldier belonging to the 16th Infantry which had left the State, and that since February, 1899, the soldiers have been ordered from Huntsville, and none of them were in camp there, now; that Ed. White was a negro, who drove a team for the army, but he did not know whether he came to Huntsville with the soldiers or not; that teamsters were not enlisted men, but worked by the month, and that he knew several men who lived in Madison county, who drove wagons in the army while quartered at Huntsville, who did not go away with the army when it departed. It was shown, that subpoenas were issued on the 18th of July, 1899, for each of said witnesses, and were placed in the hands of the sheriff, who, on the 2d day of August following, returned them by his deputy, Robert Phillips, "not found." The deputy was not introduced as a witness, and what diligence to find the witnesses or whether any search to find them was made or not, was not shown. Ed. White, on his examination, did not state where he lived, or whence he came to Huntsville. For aught appearing, he may have been in the county of Madison at the date of trial. The fact that the portion of the army for which he drove a team had left Huntsville and the State, in the face of the evidence that teamsters were not enlisted men, and were employed by the month, at the place

where the army was temporarily in camp, is not suffi-
cient to raise the presumption, that he was without the
jurisdiction of the court at the trial.   A proper predi-
cate was not laid for the introduction of the evidence of
White taken before the committing magistrate. We are
of the opinion, that the evidence was sufficient *prima
facie,* to show that the witness, Forsythe, was out of the
State at the time of the trial, and his evidence on the
preliminary trial was properly admitted.   For the error
in admitting White's evidence, the judgment must be re-
versed.

We find no other errors in the rulings of the court
below.

Reversed and remanded.