(85 South. 870)

COBB v. STATE. (3 Div. 362.)

(Court of Appeals of Alabama. June 8, 1920.)

1. INDICTMENT AND INFORMATION ⬳16— SUBSEQUENT INDICTMENT VALID THOUGH GRAND JURY FAILED TO INDICT AT FIRST SITTING.

Where defendant was committed to jail under a mittimus from the juvenile court, being held to await the action of the grand jury, and the grand jury met and adjourned without returning an indictment against him, the case not being marked continued for further investigation, etc., the fact that the first mittimus became functus officio, and defendant was discharged, does not warrant his discharge when subsequently indicted on a new charge.

2. CRIMINAL LAW ⬳527—CONFESSION HELD INADMISSIBLE AGAINST DEFENDANT.

In a prosecution for burglary against an infant less than 16, testimony by probation officer that a boy, now in the penitentiary, stated to her in the presence of defendant that he obtained the rifle from defendant, selling it under an agreement to divide the proceeds, is inadmissible, under Code 1907, § 6464, because of defendant's age.

3. CRIMINAL LAW ⬳753(2)—GENERAL AFFIRMATIVE CHARGE SHOULD BE GIVEN WHERE THERE WAS NO COMPETENT EVIDENCE TO SHOW CRIME.

Where the only evidence tending to connect defendant with the crime was incompetent, a requested general affirmative charge should be given.

4. WITNESSES ⬳331½—INCOMPETENT CONFESSION NOT ADMISSIBLE FOR IMPEACHMENT.

Where a confession was inadmissible under Code, § 6464, as amended because defendant was under 16, it cannot be introduced to impeach him, for that would allow the indirect introduction of incompetent evidence.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Dennis Cobb was convicted of burglary and grand larceny and he appeals. Reversed and remanded.

The defendant was 15 years old, and was committed to jail under a mittimus from the juvenile court, and held to await the action of the grand jury. A grand jury met, investigated many charges, and adjourned without returning an indictment against the defendant. The case was not marked continued for further investigation, and the grand jury did not request the court to make any order continuing said charge, and, after the adjournment or recess of the grand jury, defendant was discharged from custody on order of the solicitor. On these facts the defendant bases a motion to quash the indictment, preferred against him by a later grand jury.

The evidence of Lillian Dungee was that she was probation officer for the county of

Montgomery, and that she learned that the stolen rifle was at the home of Will Jackson, and that it came from the defendant, having been sold to Jackson by one Crowder, a boy then in the penitentiary, and that Crowder made a statement to her in the presence of the defendant, in which he stated that he got the rifle from his brother and sold it to Will Jackson, but finally admitted that Dennis Cobb gave him a rifle to sell, and they were to divide the money. The defendant objected to all this testimony, and moved to exclude it.

Brassell & Brassell, of Montgomery, for appellant.

The indictment should have been quashed. 1 S. & P. 465; 47 Ala. 670; 79 Ala. 59; 104 Ala. 93, 16 South. 122; 156 Ala. 184, 47 South. 266. The court erred in admitting the testimony of the probation officer. Ante, p. 167, 82 South. 657.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. The defendant was indicted by the grand jury of Montgomery county for burglary and grand larceny. He was convicted by a jury and sentenced to the penitentiary for a term of from 2 to 4 years.

[1-4] The court properly overruled the defendant's motion to quash the indictment. This was a new charge against the defendant, and the fact that the mittimus under the former charge was functus officio in no wise worked a discontinuance of this case. The testimony showed that the defendant was 15 years old. This being true, the confessions as made to the witness Lillian Dungee were, under Code 1907, § 6464, and the case of Bessie Felder v. State, 85 South. 868,[1] clearly not admissible against the defendant. This was the only testimony connecting the defendant with the commission of the crime.

To have allowed the testimony of the witness for the purpose of impeaching the defendant was permitting that to be done indirectly which could not be done directly.

The general affirmative charge, as requested by the defendant in writing, should have been given.

Reversed and remanded.