133 So.2d 891

**6 Div. 847.**

**Ex parte Herbert B. CARMACK.**

Court of Appeals of Alabama.

Oct. 24, 1961.

Herbert B. Carmack, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for respondent.

HARWOOD, Presiding Judge.

This is a petition for a writ of mandamus to have a writ ordering a judge of the Tenth Judicial Circuit to enter an appropriate order by which the petitioner would be furnished with a transcript of evidence of his trial.

The petitioner avers that he was tried and convicted on 2 March 1960, on a charge of carnal knowledge, and sentenced to a term of nine years in the penetentiary. Petitioner further avers that he, "At the time of conviction was a poor and indigent person not versed in the way of law, petitioner did not have the money to hire a lawyer to

pay for a transcript to send to the Court of Appeals, so appeal was dropped.

"Petitioner now wishes to contest his imprisonment by habeas corpus charging that due process and equal protection guaranteed by law, was denied him at his trial, in view of petitioner's indigent status which forces him to seek relief by habeas corpus actions he needs said transcript, so he may safely and with some degree of accuracy prepare his petition and brief."

The petitioner seeks to invoke the doctrine of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Griffin v. People of State of Illinois, supra, pertains to furnishing an indigent appellant with a transcript in direct appeals from a judgment of conviction, and not with a collateral attack on the judgment as the petitioner would now undertake. The doctrine is therefore inapplicable, as are the provisions of Act No. 62, approved September 15, 1961, by which the Alabama Legislature sought to meet the requirements of Griffin v. People of State of Illinois, supra, and made provisions for transcripts to be furnished indigent appellants under appropriate regulations in direct appeals.

It is to be noted that the petitioner does not aver that the court in which he was convicted did not have jurisdiction, or that its judgment was not regular. Instead, he would now seek relief from the judgment of conviction on the bald and general assertion that he was deprived of due process and equal protection of law.

The writ of habeas corpus, which petitioner asserts he would now seek, cannot be used to replace a writ of error, or an appeal. Nor can the writ be used to correct errors in a judgment, if the jurisdiction of the court rendering the judgment, is without question. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.

Petition denied.