128

136 So.2d 187

**Ex parte Jimmy ARGO.**

6 Div. 784.

Supreme Court of Alabama.

Dec. 21, 1961.

———◆———

Jimmy Argo, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for respondent.

STAKELY, Justice.

This proceeding appears to be a petition filed by Jimmy Argo in this court for man-damus to require the judge of the Tenth Judicial Circuit to provide him with a stenographer's transcript of his trial in the aforesaid judicial circuit. The state has filed a motion to dismiss the petition on various grounds. We have had some difficulty in understanding just exactly what the situation is but from all that we can gather it appears that Jimmy Argo, the petitioner, was tried, convicted and sentenced by the Circuit Court of Jefferson County to 6 years in prison for grand larceny, buying and receiving stolen property on March 17 and 18, 1960. Appeal was taken from the aforesaid judgment of conviction on March 25, 1960. Judgment of conviction was affirmed by the Court of Appeals on May 31, 1960.

A petition for a writ of habeas corpus was filed by Jimmy Argo in the Circuit Court of Montgomery County. The writ was issued by the Honorable Eugene W. Carter directed to A. Frank Lee as Commissioner of the Board of Corrections of the State of Alabama and Martin J. Wiman as Warden of Kilby Prison commanding them to have the body of the petitioner together with the cause of his detention before him on the 29th day of March 1961. A hearing was had before the court and judgment entered denying the writ of habeas corpus. Petitioner thereupon appealed to the Court of Appeals of Alabama from the judgment denying his release on the habeas corpus proceeding. On June 30, 1961 the Court of Appeals of Alabama affirmed the judgment of the lower court in denying the writ of habeas corpus. 133 So.2d 201. Thereafter Jimmy Argo filed a petition in the Supreme Court of Alabama for Certiorari to the Court of Appeals of Alabama to review and revise the decision of the Court of Appeals of Alabama which we have mentioned.

On September 21, 1961 the Supreme Court of Alabama denied the writ of certiorari. 272 Ala. 699, 133 So.2d 203.

 We understand that by Act No. 62 of the 1961 legislature (House Bill No.

,207) approved September 15, 1961 the legislature passed an act designed to "provide for the furnishing of a transcript of evidence for appeals in criminal cases where defendant, appellant, is indigent." Evidently this act was the result of the decision of the Supreme Court of the United States in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. We consider that the matter now presented in the proceeding before us is moot since the petitioner's right to a writ of habeas corpus was fully determined in the decisions to which we have referred. Besides Act No. 62 does not apply to the situation presented by the present petition since there is nothing to show that the court in which petitioner was convicted did not have jurisdiction or the judgment was not regular. Ex parte Carmack, Ala.App., 133 So.2d 891.

Petition denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.