141 So.2d 208

Herbert B. CARMACK

v.

STATE.

6 Div. 861.

Court of Appeals of Alabama.

Feb. 20, 1962.

Rehearing Denied March 13, 1962.

Herbert B. Carmack, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Carmack appeals from a judgment of the Jefferson Circuit Court dismissing his petition for coram nobis. See also Ex parte Carmack, ante, p. 426, 133 So.2d 891. We do not decide whether assignments of error are strictly required.

The only ground attacking his conviction is that counsel assigned him by a judge of the trial court was incompetent. Carmack alludes to a letter which this attorney sent him while in jail. Carmack, who faced a capital indictment, tried to get the court to furnish him another lawyer. He seemingly asked this because up to some unspecified time counsel appointed by the court "had not even come to the jail to talk to him about the case."

Carmack's brief sets out the entire letter. Though in this missive counsel understandably betrays some irascibility with Carmack's belief that a good defense attorney must possess druidic magical powers to produce an acquittal, yet on the whole in it he shows competence, industry and concern for presenting the best defense available.

In Ex parte Powell, 39 Ala.App. 423, 102 So.2d 923, a mere allegation of court appointed counsel's ineptness was not enough to evoke review by coram nobis. See Ex parte Gammon, 255 Ala. 502, 52 So.2d 369; Ex parte Williams, 268 Ala. 535, 108 So.2d 454; and Anno. 74 A.L.R.2d 1390.

The judgment below is

Affirmed.