148 So.2d 492

Charles KING

v.

STATE.

6 Div. 927.

Court of Appeals of Alabama.

Dec. 11, 1962.

Charles King, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Indictment: robbery. Verdict: guilty with ten years imprisonment as punishment. Judgment and sentence upon verdict.

In the trial court, King gave notice of appeal in writing with a request for a complete transcript of testimony referring to Act No. 62, September 15, 1961 (1961

Acts, p. 1930 et seq.), the Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 statute. A pauper's oath disclaiming "property * * * in excess of Fifty dollars" is appended.[1]

The trial judge did not act on the request for a free transcript. For reasons set out below, we think he was entitled to ignore the request in the form presented.

Section 3 of said Act 62 provided (1) a time limit of not more than ten days past: (a) if no motion for new trial is filed, the expiry of the period (thirty days except in certain multi-county circuits) provided in the Code, T. 13, § 119, for filing and presenting a motion for new trial; or (b) the date of the court's ruling on the motion for new trial; and (2) along with § 4, for a written, subscribed and sworn to petition in which the defendant states:

   (a) desire to appeal under said Act 62;

   (b) the style of the case;

   (c) the offense of which convicted;

   (d) the plea made;

   (e) date of adjudication;

   (f) the sentence and punishment;

   (g) the name of the trial court;

   (h) the name of the trial judge;

   (i) the full name of the defendant;

   (j) desire (in good faith) to appeal from either judgment of conviction or adverse ruling on motion for new trial or from both;

   (k) he is without funds enough and has no reasonable way to get funds to pay all of the lawful fees of the court reporter for transcribing the evidence and other proceedings had at the trial;

   (l) facts stated with particularity of errors in the proceedings in the trial court to make up the basis for the appeal; and

   (m) the "area in which the evidence is lacking" must be "stated with particularity," if under (l) immediately above lack of sufficient evidence to support the verdict is claimed.

The materiality of these statutorily required averments can be determined in general from § 1 of the Act[2] and particularly from the mode of screening bona fide from frivolous requests shown in §§ 5–8 of the Act.

The trial court, under § 7, does not pass on whether the defendant may have leave to appeal. Rather, the crucial question under that section is whether or not there "can be a reasonable contention for reversal on appeal."[3]

Referring to the outline of the petition set out in 2(a)–(m) above, we find King's petition was deficient as to items (b), (c), (d), (f), (g), (h), (i), semble, (j)—as to good faith—(l) and (m). The omission of averments in terms of the Act's reason-

1. Under § 6, the trial judge determines the defendant's ability to pay the estimated cost of the transcript. We do not go into whether or not King's reference to $50 is an offer to pay that much.

2. "Section 1. Purpose of this act. The Legislature is aware that it has become settled law that a state may or may not authorize appeals from judgments of convictions in criminal cases. Further, that if a state does provide for appeals in criminal cases, defendants adjudged guilty of crimes and who are without funds and unable to pay the fees of the court reporter for transcribing the evidence for review on appeal may be denied equal protection of the law. It is the purpose of this act to provide such defendants with a transcript of the evidence or a part thereof for a proper and equal review in certain criminal cases wherein it is made to appear that a convicted defendant is indigent and in good faith desires to take an appeal and obtain a judicial review of matters meriting review that occurred at his trial."

3. Under § 8, the trial judge may order transcription of such part or parts of the evidence as may be needed to afford the appellate court a review of a reasonable contention. Thus the requisites of § 4 are illuminated.

able requirements as to claim of errors under § 4 renders the petition nugatory.

We have reviewed the record proper under Code, T. 15, § 389, and find no error. The judgment of the trial court is therefore

Affirmed.