150 So.2d 399

Arthur Eugene ALLEN

v.

STATE.

2 Div. 82.

Court of Appeals of Alabama.

Feb. 19, 1963.

Arthur Eugene Allen, pro ami.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

On July 12, 1962, Allen petitioned the Pickens Circuit Court for a writ of error coram nobis. His object was to set aside two sentences[1] of four years each imposed in 1960 on verdicts of guilt of second degree burglary.

The trial judge appointed two attorneys to represent Allen. These gentlemen filed supplemental petitions which enlarged the grounds to thirty in all of errors claimed to infect the original arrest, indictment and trial.

After a full hearing, on testimony viva voce and on the transcript of the evidence taken on the original trial, the circuit judge made eighteen express findings thereon. The final judgment denied the petition and granted the State's motion to dismiss.

■ Such a denial, a final adjudication, supports an appeal under the reasoning in Sparks v. State, 39 Ala.App. 517, 104 So. 2d 764, and Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875.

In Brown v. State, 250 Ala. 444, 35 So. 2d 518, Foster, J., referred to coram nobis as being "in the nature of a new civil suit." Smith v. State, 245 Ala. 161, 16 So.2d 315.

The appellate courts of this State have treated appeals from judgments denying the writ (as distinguished from original suits for leave to seek the writ at nisi prius) in: Smith v. State, 245 Ala. 161, 16 So.2d 315; Allison v. State, 273 Ala. 223, 137 So.2d 761; Brown v. State, 33 Ala.App. 569, 35 So.2d 516 (reversed because premature, 250 Ala. 444, 35 So.2d 518); Carmack v. State, 41 Ala.App. 552, 141 So.2d 208; Teal v. State, 41 Ala.App.

619, 146 So.2d 733; and semble Ex parte Williams, Ala., 147 So.2d 812.

■ We conclude (1) the Alabama practice allows appeals from final judgments which deny relief sought under a coram nobis petition filed in a trial court; (2) no assignments of error nor briefs are strictly required—even though the appeal is civil in nature; (3) the appeal must be taken in six months—not under the thirty-day limit of habeas corpus (Code 1940, T. 15, § 369), nor under the time in cases of remedial writs of a supervisory nature, Code 1940, T. 7, § 1074; (4) there is no statutory time limit for coram nobis, Lamb v. State, 91 Fla. 396, 107 So. 535; (5) the degree of proof which the petitioner bears in the court below is analogous to that in a suit which contends for a resulting trust —clear, full and satisfactory; (6) the judgment denying a petition comes up on appeal with the same presumptions which attend any other civil judgment at law on a trial without a jury, i. e., without reference to Code 1940, T. 15, § 389; and (7) the matters adjudicated on hearing of a coram nobis application are quasi res judicata, i. e., repeated applications or petitions merely resting on the same allegations should not be entertained.

We do not here decide whether the "accordion" theory applies, i. e., whether coram nobis expands or contracts in harmony with and simultaneously on adjudications of the Supreme Court of the United States as to the scope of the Fourteenth Amendment. Cf. People v. Codarre, 10 N.Y.2d 361, 223 N.Y.S.2d 457, 179 N.E.2d 475 (used to correct due process error on face of record); House v. State, 130 Fla. 400, 177 So. 705; Ex parte Hamilton, 273 Ala. 504, 142 So.2d 868; Ex parte Seals, 271 Ala. 622, 126 So.2d 474; and U. S. ex rel. Seals v. Wiman, 5 Cir., 304 F.2d 53.

Allen did not establish himself as being an indigent at the time of his arrest, indictment or trial—indeed he admittedly

---

[1]. Consecutive running of sentences is mandatory, Code 1940, T. 45, § 32. The 1961 amendment expressly does not affect prior sentences.

had over $200.00. While in jail he had talked to a lawyer—since disbarred—but rejected him.

As we read Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, the lack of counsel on arraignment there found fatal to judgment would not extend to this noncapital case wherein the defendant expressly waived offer of counsel on arraignment.

It seems clear to us from the judgment and the record that Allen waived the trial judge's offer of appointment of counsel and personally pled not guilty. Later the court gave "a dock brief," i. e., appointed an attorney in court on another matter before he could retire. This gentleman received the equivalent of a dock brief fee, either $10.00 or $20.00 from Allen.

On coram nobis review, the trial judge found that Allen's trial counsel was diligent in cross examining and in developing the defense. This conclusion is supported in the record.

Evidence was taken as to whether or not Allen waived or was offered a preliminary hearing after arrest. He did not complain that his detention before trial was without right to bail nor that he was imprisoned to get him to confess or for any other corrupt end.

The sheriff and probate judge testified that Allen waived preliminary hearing. This is often done to make the State lose the advantage of perpetuating the testimony in its pristine vividness. See Percy v. State, 125 Ala. 52, 27 So. 844.

Moreover, the bringing in of the indictments were the acts which led to Allen's trial and convictions. All accusations theretofore made became functus of-ficio and immaterial with respect to the mittimuses under which Allen is being held in Kilby Prison. Illegal arrest may possibly color, taint, or disparage evidence, but we see no reason to say it would or should invalidate a later indictment otherwise regular. Cobb v. State, 17 Ala.App. 479, 85 So. 870; Jackson v. State, 37 Ala.App 647, 73 So. 774.

One prosecution witness, Jones, was shown to have got put in a Naval hospital "in 1956 and also in 1959." He had got drunk, had barroom fights and resisted arrest. He had been in a mental ward. He later received a "general discharge under honorable conditions to the inactive reserve."

Jones thought that he told the solicitor of the "nature of his discharge." He also stated that the wording "general discharge," etc., rather than the customary "honorable discharge" came from his having been put on Captain's mast for words spoken while on duty.

It is clear that: (1) on this review, when we subtract Jones's evidence from all the other evidence on the original trial, we have left more than enough legal evidence to support the verdict, hence Allen suffered no harm where the enquiry is for a fact which would have prevented judgment, Supreme Court Rule 45; (2) the solicitor was entitled to presume Jones to be sane;[2] (3) there was nothing to show that what Jones said to the solicitor about his naval discharge was not known to Allen or could not have been discovered by him; (4) mental observation should not be equiparated with mental aberration; (5) Jones was seen by a jury; and (6) there is here no resemblance to the condition found by the Fifth Circuit as to the witness Hatt[3] in Powell v. Wiman, 5 Cir.,

2. Code 1940, T. 7, § 439, states: " * * * lunatics during lunacy, * * * are incompetent witnesses." In Redwine v. State, 258 Ala. 196, 61 So.2d 724, Foster, J., wrestled with the application of this section to a confession. Without our having the benefit of expert testimony,

Jones seems to have described himself as a neurotic capable (at least in his Navy hitch) of indulging in "acting out" episodes when drinking.

3. Hatt, an accomplice, was corroborated only by circumstantial evidence.

287 F.2d 275, and Wiman v. Powell, 5 Cir., 293 F.2d 605, particularly in that here the solicitor had nothing of an evidentiary character to withhold.

Allen's witnesses as to his claim of alibi were in Mississippi. On Allen's asking that they be subpoenaed, the sheriff, some days before the call of the case, telephoned to the motel in Columbus where they worked. The manager of the motel, so the sheriff testified, told him that they knew nothing of Allen's whereabouts on the day in question and hence could not help him. We are not aware of any interstate compact between Alabama and Mississippi for the extradition of witnesses. Powell v. State, 39 Ala.App. 246, 100 So.2d 38; see Shepard's Ala. Citations XLVII, No. 3, Jan., 1963, pp. 433–39.

We deem it unnecessary to take up seriatim the matters argued at length by the parties. Content be our readers if we, mindful of Code 1940, T. 13, § 66, 3rd sent., close by quoting from People v. Shorts, 32 Cal.2d 502, 197 P.2d 330:

"We conclude that the right is not absolute; that the final judgment which has been affirmed after review on appeal is possessed of strong presumptions of regularity and validity in every respect; that this court may, on proper showing, order execution of the judgment stayed on appeal from the order of denial of the motion to vacate but that in such appeals the burden is upon the defendant to make application for a stay and to accompany and support such application by a prima facie showing of substantial merit in the appeal and probable cause for reversal of the order; that wanting such prima facie showing the appeal must be deemed to have as its only objective a delay in execution of the sentence [presumably of death] under a valid final judgment, hence to be frivolous and irregular and subject to dismissal forthwith. In other words, on appeal from an order denying a motion to vacate a judgment imposing the death penalty, where such judgment has previously been reviewed on appeal and affirmed, the burden is on the defendant to apply for a stay of execution of such final judgment and to support such application by a prima facie showing of substantial merit in his appeal and probable cause for reversal of the order denying the motion; in the absence of such prima facie showing not only will the application for the stay be denied but the appeal itself will be deemed taken for an improper objective—delay of execution of a final and valid judgment, not the correction of any legal wrong or the enforcement of any legal right—and, hence, to be frivolous and irregular and as such subject to dismissal forthwith.

"It is to be remembered that a motion in the nature of an application for the writ coram nobis is an extraordinary remedy. Its availability—or the availability of other corrective judicial process, such as habeas corpus—to enable a convicted person, even after appeal and affirmance of a judgment of conviction, to establish that in truth the judgment was procured under circumstances which offend 'the fundamental conceptions of justice which lie at the base of our civil and political institutions' has been recognized as constituting a part of the protection afforded by the Due Process Clause of the Fourteenth Amendment. (See Mooney v. Holohan (1935), 294 U.S. 103, 110, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Taylor v. Alabama (1948), 335 U.S. 252, 68 S.Ct. 1415 [92 L.Ed. 1935]. But it approaches triteness to point out that the fact that the state must furnish a corrective process, available after trial and after a judgment of conviction has been affirmed on appeal, does not mean that in any particular case the defendant shall be entitled to relief. Furthermore, we are satisfied, the necessity for such process does not require that the procedure provided shall encompass, as an

absolute right in every case, a further trial on issues of fact, or a right, independent of a prima facie showing of merit, to a stay of execution or to consideration on appeal. Our laws permit an appeal in coram nobis proceedings, * * * or by the defendant (Penal Code, § 1237; People v. Perez (1908), 9 Cal.App. 265, 266, 98 P. 870; People v. Reid (1924), 195 Cal. 249, 232 P. 457, 36 A.L.R. 1435; People v. Schwarz (1927), 201 Cal. 309, 312, 257 P. 71; People v. Campos (1935), 3 Cal.2d 15, 19, 43 P.2d 274; People v. Paiva (1948), 31 Cal.2d 503, 190 P.2d 604); but such a right of appeal by a defendant, we have concluded, in a case such as this, need go no further than to afford him a reasonable opportunity to make a prima facie showing of merit in the appeal as a basis for a stay of execution; and lacking a prima facie showing of merit and probable cause for reversal sufficient to warrant a stay of execution, the appeal itself may be dismissed. 'Each State may decide for itself whether, after guilt has been determined by the ordinary processes of trial and affirmed on appeal, a later challenge to its essential justice must come in the first instance, or even in the last instance, before a bench of judges rather than before a jury.' (Hysler v. Florida (1942), 315 U.S. 411, 417, 316 U.S. 642, 62 S.Ct. 688, 691, 86 L.Ed. 932.) If the process is available and adequate to furnish relief in all meritorious cases it meets the requirements of both law and justice; that a particular defendant be promptly denied relief where he makes no prima facie showing of meritorious ground for relief is not an objectionable, but is, rather, a desirable, attribute of the process. (See Penal Code, § 681a.) A court of last resort is properly zealous in requiring that a person charged with crime, particularly where the judgment of guilt spells death, shall be accorded as of right the last full measure of constitutional protection; but we are bound also to recognize that laws exist and are to be enforced for the protection of society as well as the protection of the accused and that expeditious enforcement of law is an important element of justice.

"When a defendant has been informed against or indicted, has been afforded the right of counsel, has been regularly brought to trial, confronted with the witnesses, tried, convicted, had the benefit of appeal and suffered affirmance of the judgment of conviction, he stands in a position which is different from that which he occupied before he was found guilty of the offense. Before he was adjudged guilty the state was the attacker and *bore the burden of proof to overcome the strongest presumption known to the law*; but after verdict, and particularly after the judgment of conviction has been affirmed on appeal, the procedural burdens of the parties are transposed. The care and solicitude of the state for justice continue unabated, always; but the presumption of innocence of the defendant ended with the verdict, and the final, affirmed judgment of conviction is conclusive unless set aside upon a ground amounting to, akin to, or in the nature of extrinsic fraud or some other lack of due process, or, as has often been said in substance, *upon proof that a fact existed which could not in the exercise of due diligence by the defendant have been proved at the trial*, and which, if known then, would have precluded the judgment from being entered. (See People v. Gilbert (1944), supra, 25 Cal.2d 422, 442, 154 P.2d 657, and authorities there cited.) * * *." (Italics added.)

The judgment below is

Affirmed.

PRICE, P. J., and JOHNSON, J., concur in the result.