155 So.2d 300

**Ex parte Herbert B. CARMACK.**

**3 Div. 86.**

Supreme Court of Alabama.

July 11, 1963.

**348**

carnal knowledge in March, 1960, and sentenced to imprisonment for nine years. He complains that, on his trial, the court appointed counsel to represent petitioner; that the appointed attorney " ᷡ * * was helping frame petitioner * * *.; " that petitioner undertook to "fire this attorney," but was not allowed to do so. Petitioner complains also that his court appointed attorney told petitioner's wife "not to testify for petitioner and to get a divorce, petitioner has not heard from his wife since that day."

Nowhere in the petition does petitioner allege that he has applied to a circuit judge for habeas corpus or that a circuit judge has refused to issue the writ on petitioner's application. The petition concludes:

"PETITIONER AVERS THAT ALL OF HIS ALLEGATIONS WAS KNOWN BY THE TRIAL JUDGE. SO THEREFORE THE WRIT OF ERROR CORAM NOBIS IS NOT HIS REMEDY, NOR IS THE WRIT OF HABEAS CORPUS AVAILABLE TO PETITIONER, IN THE STATE.

"PREMISES CONSIDERED, PETITIONER PRAYS THIS HONORABLE COURT TO ISSUE THE NECESSARY ORDERS. TO SAID RESPONDENT WARDEN, COMMANDING THAT HE DISCHARGE PETITIONER. FROM HIS FALSE, IMPRISONMENT WHICH HE NOW HOLDS PETITIONER IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS. 14TH AMEND. DUE PROCESS CLAUSE. TO THE UNITED STATES CONSTITUTION."

Herbert B. Carmack, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This case presents to us an original petition. It is styled: "RE-PETITION FOR THE WRIT OF HABEAS CORPUS." Petitioner alleges that he was convicted of

When a person is confined in the penitentiary, the petition for writ of habeas corpus must be addressed to the nearest circuit judge. § 6, Title 15, Code 1940. Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or court of appeals. § 369, Title 15, Code 1940. Ex parte Taylor, ante, p. 346, 155 So.2d 299.

Where an appeal may be taken as prescribed by § 369, Title 15, Code 1940, this court, in the absence of unusual circumstances, will not entertain an original petition for writ of habeas corpus. Ex parte Lee, ante, p. 343, 155 So.2d 296.

The instant petition fails to show that petitioner has made application to a circuit judge for the writ. There is no effort to excuse the failure to apply to a circuit judge. We are of opinion that the petition fails to make out a case for issuance of the writ of habeas corpus by the supreme court under· § 140 of the Constitution. On that ground, we deny the writ.

The state has filed a motion to strike the petition on the ground, among others, that petitioner filed a petition for writ of habeas corpus on or about May 1, 1963, in the Circuit Court of Montgomery County and that the petition was heard and denied on, to wit, May 7, 1963. If petitioner did file such petition in the circuit court and was denied relief after hearing in that court, the proper method of review is by appeal, and not by original petition addressed to this court. Ex parte Smith, ante, p. 344, 155 So.2d 297; Ex parte Burton, ante, p. 345, 155 So.2d 298. The state's motion to strike is not sworn to and we have no other evidence that petitioner did, in fact, file a petition for habeas corpus in the circuit court, or that he applied to the circuit judge therefor in May, 1963. Consequently, that ground of the motion to strike is not sustained by anything now before us.

It appears that this petitioner has three times sought post appeal relief. In Ex parte Carmack, 41 Ala.App. 426, 133 So.2d 891, the opinion indicates that petitioner stated in his petition in that case that. his "appeal was dropped." In Carmack v. State, 41 Ala.App. 552, 141 So.2d 208, cert. denied 273 Ala. 705, 141 So.2d 209; cert. denied 371 U.S. 848,. 83 S.Ct. 84, 9 L.Ed.2d 84; petitioner sought to attack his conviction on the ground that counsel assigned to him by a judge of the trial court was in-

competent, the same counsel of which he now complains. In Carmack v. State, 41 Ala.App. 590, 143 So.2d 620, cert. denied 273 Ala. 705, 143 So.2d 620; cert. denied Carmack v. Wiman, 371 U.S. 896, 83 S.Ct. 199, 9 L.Ed.2d 130, the opinion indicates that the proceeding there was "a habeas corpus appeal," and that, in the proceeding there under review, petitioner alleged numerous grounds for relief but made no proof.

We are not disposed to deny to any person even the slightest right to which that person may be lawfully entitled. At the same time, however, we do not believe that the law requires that the courts repeatedly ·hear, ad infinitum, the same complaint when it has once been heard and was not supported by proof at the hearing. We are of opinion that this petitioner has been heard enough on the claims of injustice which he makes in the instant petition.

Writ denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.