157 So.2d 214

Ex parte Kenneth BRAWLEY.

2 Div. 449.

Supreme Court of Alabama.

Oct. 31, 1963.

Kenneth Brawley, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This proceeding seems to be a petition filed by Kenneth Brawley in this Court for mandamus to require the judge of the Circuit Court of Sumter County, Alabama, to provide him with a stenographer's transcript of his trial in that court. The State has filed a motion to dismiss on several grounds.

It is not easy to understand just exactly what the situation is but from the allegations of the document filed by Brawley it appears that he was convicted of second degree burglary in the Circuit Court of Sumter County on October 9, 1962, and that "On or about February 25, 1963 petitioner petitioned the trial court for a full and complete transcript of the records in case No. 6810, together with application for leave to proceed in forma pauperis * * *". Petitioner further alleges that "On or about April 10, 1963, petitioner filed notice of appeal with motion to secure records without payment of cost. A copy was forwarded to the Alabama Court of Appeals at the same time. After hearing nothing from either Court for approximately two months, petitioner, on June 4, 1963, filed, as best he could without the records, an appeal with the Alabama Court of Appeals". Petitioner says that up to the date of the filing of the document in this Court, August 27, 1963, he had heard nothing from either court and prays that this Court issue a writ of mandamus to the Circuit Court of Sumter County, Alabama, directing that court to send up the necessary records in case No. 6810, and if it deems proper to issue its writ of mandamus to the Alabama Court of Appeals directing it to render a decision in his appeal now pending before that court.

Evidently petitioner seeks a free transcript under Act. No. 62 of the 1961 Legislature (Tit. 15, § 380 [1] et seq., Code 1940). However, his petition shows on its face that he failed to make timely application for the transcript. Section 3 of the Act provides a time limit of not more than ten days after conviction, except in specified circumstances not material here. King v. State, 41 Ala.App. 646, 148 So.2d 492. See also Ex parte Argo, 273 Ala. 128, 136 So.2d 187.

It may be also noted that for the same reason the petition is not well taken under Act #525, Regular Session of the Legislature, 1963.

It follows that the motion of the State to dismiss the petition is well taken.

Petition dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.