164 So.2d 718

**Ex parte Bervin HAYES.**

**6 Div. 26.**

Court of Appeals of Alabama.

April 7, 1964.

Rehearing Denied May 12, 1964.

Bervin Hayes, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

We have before us:

1) Petition entitled "Appeal from Order of Circuit Court of Walker County, Alabama, Denying Petition for Writ of Error Coram Nobis" filed January 16, 1964.

2) Petition for mandamus to the Circuit Court of Walker County to send appellate papers under Act 525 of September 16, 1963, filed February 25, 1964.

3) Letter of January 22 asking how long a circuit court has to file certain documents, and where an appeal goes when sentence is under twenty years.

I.

Coram Nobis

Hayes states:

" * * * that he makes this Petition in support of his application to declare as void and to vacate and expunge from the records of his trial Court a judgment of conviction entered against him on the 25th day of September, 1962, and to inquire into the facts alleged in this Petition.

"* * * the sentence which was imposed illegally * * *

"That at the time of pleading your Petitioner was not advised of the rights to counsel, nor did he waive his rights, nor did he have counsel. * * *

* * * * * *

"That the Circuit Court of Walker County, Alabama has denied your Petitioner his Constitutional rights in that (1) the Court refused to file his Appeal after Petitioner had filed under forma pauperis, (2) that the Court erred when did not appoint counsel for Petitioner to perfect his Appeal, (3) in that the Court erred when denied Petitioner rights to transcript of evidence so that he would perfect his Appeal."

However, Hayes's Exhibit A purports to be an opinion and judgment of the circuit court denying a coram nobis application. The judge stated that Hayes "is not entitled to two writs of error coram nobis, the matter having already been adjudicated by decree of this Court."

Also, Hayes's Exhibit C purports to be the minute entry of Hayes's arraignment, trial conviction, allocutus, sentence of eight years imprisonment, and notice of appeal, the latter bearing date of October 26, 1962. The records of this court fail to show any record ever being submitted.

As to appointment of counsel, Hayes's Exhibit C shows:

"State of Alabama    In the Circuit
Vs.    Court of Walk-
Bervin Hayes    er County

"ORDERS OF COURT

"9–19–62

"This date being set for the arraignment, came the solicitor who prosecutes for the State of Alabama, and came the defendant in person and the Court made inquiry of the defendant as to whether he had an attorney, and the defendant stated he did not. On investigation the court ascertained that the defendant is employed, and able to employ an attorney. The Court advised the defendant that his case was set for trial on Tuesday, September 25, and suggested that he employ an attorney. The defendant stated he would report to the Court on September 24 relative to the employment of an attorney. Defendant was arraigned, and plead not guilty.

"9–24–62

"Court was in session on September 24, and defendant made no report.

"9–25–62

"This case being set for trial on this date, comes the solicitor who prosecutes for the State of Alabama, and comes the defendant in person and advises the court that he has not employed an attorney and announced ready for trial without an attorney.

"The indictment being read to him the defendant pleads not guilty."

II.

■ Hence, we conclude that these showings do not prove indigency at trial nor any ground of the second coram nobis application apart from the prior adjudication. Allen v. State, 42 Ala.App. 9, 150 So.2d 399. Mandamus is not indicated to get up appeal papers.

■ The questions in the letter are thus moot.

Petitions denied.