169 So.2d 438

## Ex parte Arthur Lee OWENS.

### 8 Div. 981.

Court of Appeals of Alabama.

Nov. 17, 1964.

---

---

Arthur Lee Owens, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

Owens, a prisoner in Kilby Prison, asks that the writ of mandamus be directed to the Circuit Court of Jackson County because, on May 25, 1964, he filed with the clerk of said court a petition for writ of error coram nobis, and that, upon the filing of an application for mandamus, more than thirty days had past without said circuit court having furnished him any response.

Without our being shown that the inexorable command of the Law would make the circuit judge have to hear or the circuit clerk have to file Owens' petition, there is no occasion for the writ of mandamus. Indeed, there is not even an allegation Owens was sent to prison from Jackson County.

Clogging the State courts with writs upon writs may be one way of exhausting State judges before using up State remedies. We are not disposed to say that—without extended allegations accompanied by credible proof—a coram nobis review must be instantaneous or at any set time.

In Allen v. State, 42 Ala.App. 9, 150 So.2d 399, the writer said in part:

" * * * (5) the degree of proof which the petitioner bears in the court below is analogous to that in a suit which contends for a resulting trust—clear, full and satisfactory; (6) the judgment denying a petition comes up on appeal with the same presumptions which attend any other civil judgment at law on a trial without a jury, i. e., without ref-

erence to Code 1940, T. 15, § 389; and (7) the matters adjudicated on hearing of a coram nobis application are quasi res judicata, i. e., repeated applications or petitions merely resting on the same allegations should not be entertained."

We consider that the instant petition fails to make out a case wherein the Court of Appeals *could* (all other things being duly shown) issue a writ of mandamus to a designated official of the circuit court.

Petition denied.