**Carl GOODWIN, Appellant,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Appellee.**

**No. 23245.**

United States Court of Appeals
Fifth Circuit.

May 27, 1966.

No appearance entered for appellant.

Richmond M. Flowers, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge and KILKENNY,* District Judge.

PER CURIAM:

Alabama affords a post-conviction remedy through statutory habeas

* Of Portland, Oregon, sitting by designation.

**404**

corpus, Title 15, § 1, Ala.Code, and the common law writ of error coram nobis, Johnson v. Williams, 1943, 244 Ala. 391, 13 So.2d 683. See Wiman v. Argo, 5 Cir., 1962, 308 F.2d 674; Whither: On Habeas, Tyson, 24 Alabama Lawyer 271 (1963). The Alabama law on affording counsel to indigent criminal defendants was bolstered in 1963 to include trial counsel in noncapital cases where the defendant is charged with a "serious" offense, counsel on appeal and, under some conditions, counsel in habeas corpus and coram nobis proceedings. Title 15, §§ 318(1)–318(11), Ala.Code. Transcripts are made available without charge to indigent persons for direct appeal as well as for appeals from collateral proceedings. Title 15, §§ 380(14)–380(25), Ala. Code. Moreover, the Alabama courts have indicated that the filing of a previous application for habeas or coram nobis is not res judicata under the Alabama law although a petitioner may be barred where he files repeated applications on the same ground. Allen v. State, 1963, 42 Ala.App. 9, 150 So.2d 399. This reasoning accords with the teaching of Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. It does not appear that the appellant's contentions have ever been asserted on the merits beyond the state trial court. His two original proceedings filed in the Supreme Court of Alabama were dismissed. There was no such remedy. He took no appeal from the denial of two separate petitions for habeas in the state trial court. He has not followed the Alabama procedures available to him, but instead has attempted to set up other procedures. The Alabama Supreme Court explained his right to appeal to him and also the procedure for obtaining a free transcript on the occasion of his last petition to that court. 1965, Ex parte Goodwin, 278 Ala. 9, 174 So.2d 687.

These state procedures or remedies are presently available to him for asserting the contentions made in the District Court. It was thus proper for the District Court to dismiss his habeas petition without a plenary hearing. See Key v. Holman, 5 Cir., 1965, 346 F.2d 153; Pate v. Holman, 5 Cir., 1965, 343 F.2d 546.

Affirmed.