**Guadalupe CASTILLO**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**Civ. A. No. 4-727.**

United States District Court
N. D. Texas,
Fort Worth Division.
March 2, 1967.

Thomas H. Routt, Austin, Tex., for Dr. George J. Beto.

## MEMORANDUM ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS

BREWSTER, District Judge.

Relator is presently confined in the Texas Prison System pursuant to a twenty-seven year sentence imposed upon him following his conviction by a jury of the offense of murder with malice. In his application for a writ of habeas corpus, relator collaterally attacks his conviction on the theory that his conviction was obtained as a result of a coerced confession.

■ Relator has presented the above ground to the Texas Court of Criminal Appeals in an application filed originally in that Court. He has never presented it to a Texas District Court. Therefore, relator's application shows on its face that he has not exhausted his presently available and effective post-conviction remedies in the State Courts which are now afforded to him under the recently enacted Texas Code of Criminal Procedure. Because of such failure, relator's application is dismissed. Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965); 28 U.S.C.A. Section 2254.

■■ Prior to the enactment of the Texas Code of Criminal Procedure, the only post-conviction remedy available to convicted felons confined in a Texas penitentiary was a writ of habeas corpus which had to be filed originally in the Texas Court of Criminal Appeals. That remedy was available under Article V, Section 5 of the Texas Constitution, Vernon's Ann.St. While the original habeas corpus jurisdiction of the Texas Court of Criminal Appeals is unlimited, State ex rel. Wilson v. Briggs, 171 Tex. Cr.R. 479, 351 S.W.2d 892, 894 (1961), that Court considers only the record before it on applications for writ of habeas corpus, and it does not conduct fact-finding hearings. Therefore, valuable as the original filing procedure may be for receiving a determination of legal questions in applications for writ of habeas corpus, it is virtually ineffective for providing the type of fact-finding hearing promulgated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

However, Article 11.07 of the recently enacted Vernon's Ann. Texas Code of Criminal Procedure has provided an effective post-conviction remedy which gives the Texas District Courts the opportunity to review in a fact-finding hearing alleged constitutional deprivations. Article 11.07 states that it was designed exclusively as a post-conviction procedure, and it provides that the Texas District Judge may set the application down for a hearing to ascertain facts.

■ Article 11.07 is adequate, effective and presently available to the relator. The remedy offers him the opportunity for a full and fair State Court fact-finding hearing of the sort dictated in Townsend v. Sain, supra. Ex parte Young, Tex.Cr.R., 418 S.W.2d 824 (1967). Consequently, relator has failed to exhaust his State remedies, and he is not entitled to a plenary hearing in this Court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Case v. State of Nebraska, supra; Goodwin v. Holman, 5 Cir., 361 F.2d 403 (1966); Key v. Holman, 5 Cir., 346 F.2d 153 (1965); Pate v. Holman, 5 Cir., 343 F.2d 546 (1965); Carroll v. Beto, D.C. Tex., 270 F.Supp. 812, affirmed, 5 Cir., 379 F.2d 329 (1967). 28 U.S.C.A. Section 2254.

It is therefore ordered that relator's application be and the same is hereby dismissed.