Willie Thompson, Jr. was indicted and convicted for the murder of Freddie Lee Smith. Sentence was fifty years' imprisonment as an habitual offender. After retaining new counsel, Thompson filed a motion for new trial wherein he contends that he did not receive effective representation because trial counsel did not exercise due diligence in preparing the case for trial and in procuring the necessary witnesses for the defense.
Thompson was the only witness to testify at the hearing on the motion for new trial. His testimony revealed the following facts. Shortly after his arrest, his family hired Warren Reese to represent him on the murder charge. Thompson saw Reese"(o)nce weekly, mostly two, maybe three times a week." Between the arrest in May and the trial in November of 1982, Reese was also employed by Thompson to represent him before the Social Security Administration on October 20th and in "other possible litigation."
Thompson stated that he "gave Mr. Reese a list of names that he should talk to of witnesses, you know, which he never did." Thompson stated that "to his knowledge" Reese did not talk to the witnesses prior to trial:
 "Mr. Reese hadn't talked to the witnesses. I found out Monday morning he hadn't talked to the witnesses. He wanted me to have all the witnesses there that Monday morning so he could talk to them and I was going to court that same day (November 12, 1982)."
Thompson testified that on the day of trial he tried to discharge Reese and told him "to let the Court know that he was released as my power of attorney and he (Reese) talked to me." Thompson did not advise the trial court of the fact that he wanted to discharge Reese until the motion for new trial despite the fact that he had retained different counsel to represent him at his sentencing hearing.
Although Thompson alleges that Reese failed to subpoena "those witnesses" who were material to the defense, none of these material witnesses were ever named nor was there any proffer made in the trial court of their expected testimony. In brief and in oral argument, it is alleged that these missing witnesses would substantiate Thompson's trial testimony of the deceased's violent character and show the mitigating circumstances of the deceased's earlier assault upon Thompson. As such, the testimony of these witnesses would have been cumulative of Thompson's trial testimony. 24 C.J.S. CriminalLaw, Section 1459 (1961) ("Cumulative evidence, . . . may be defined as additional evidence of the same general character as evidence received on the trial to the same fact or point. *Page 901 
Ordinarily, newly discovered evidence will be taken outside the definition of `cumulative evidence' and afford the basis for a new trial only when it relates to a particular material issue concerning which no witness has previously testified, or is of a higher and different grade than the previous evidence on the same material point"). "No ineffective representation results where trial counsel fails to call witnesses whose testimony would only be cumulative to evidence already in the record."Robinson v. State, 361 So.2d 1172, 1175 (Ala.Cr.App. 1978).
The inadequacy of defense counsel's pretrial investigation may rise to the level of a violation of the accused's Sixth Amendment right to the effective assistance of counsel regardless of the standard for evaluating ineffectiveness claims. Roberts v. Wainwright, 666 F.2d 517 (11th Cir. 1982);Taylor v. State, 291 Ala. 756, 287 So.2d 901 (1973). It is fundamental that counsel must be given adequate time for preparation. Brown v. State, 395 So.2d 121 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 124 (Ala. 1981); Marler v. State,382 So.2d 644 (Ala.Cr.App. 1980); Kearley v. State, 52 Ala. App. 405, 293 So.2d 322 (1974). "We have often said that a defense attorney must be prepared to investigate and develop evidence on behalf of his client. . . . An attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defense." Davis v.Alabama, 596 F.2d 1214, 1217 (5th Cir. 1979). "Counsel is expected to exercise diligence in preparing his case for trial and for procuring necessary witnesses." Bailey v. State,398 So.2d 406, 413 (Ala.Cr.App. 1981). "Not only does defense counsel have a duty to seek to determine all relevant facts known to the accused but he also has a duty to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." Baxter v. State, 360 So.2d 64, 66 (Ala.Cr.App. 1978). These cases support Thompson's contention that "you cannothave effective representation without investigation."
Here, the only showing of Reese's incompetency is Thompson's own testimony. We find that insufficient.
"In reviewing the refusal of a motion for a new trial, this court will indulge every presumption in favor of the correctness of the ruling of the trial judge. The decision on the motion rests largely within his discretion." Williams v.State, 348 So.2d 1113, 1115 (Ala.Cr.App.), cert. denied, Exparte Williams, 348 So.2d 1116 (Ala. 1977). "Since the presumption is in favor of the propriety of the trial and verdict, the burden is on accused to support by proof his contention that he is entitled to a new trial, and that the particular ground relied on exists." 24 C.J.S. Criminal Law, Section 1480 (1961). The burden on the accused to establish his claim of ineffective assistance of counsel is heavy. Taylor,291 Ala. at 763, 287 So.2d 901. In assessing that claim we look to the entire record.
In this case the record shows that at trial Reese called five witnesses in Thompson's defense. One witness who had been subpoenaed was out of state. While it is clear that some of these witnesses did not testify as expected, the fact that a witness does not answer as anticipated, or even supplies information detrimental to the accused, does not automatically establish a prima facie case of inadequate preparation by counsel.
Here, there was neither a showing of which witnesses were absent nor of the nature and materiality of the evidence to be given by such witnesses. Consequently, the denial of the motion for new trial was not error. Hull v. State, 232 Ala. 281, 282,167 So. 553 (1936). See also Kelly v. State, 423 So.2d 343
(Ala.Cr.App. 1982); Scoggins v. State, 398 So.2d 353
(Ala.Cr.App.), cert. denied, 398 So.2d 357 (Ala. 1981);McKinnis v. State, 392 So.2d 1266 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1270 (Ala. 1981).
We also note that the motion for new trial is not verified and states only general grounds for relief ("That the defendant *Page 902 
was not represented by competent counsel on the trial of this cause"). "Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged." Daniels v. State,416 So.2d 760, 762 (Ala.Cr.App. 1982).
In conclusion, we find Thompson's allegations to be baseless and without merit. Huff v. State, 267 Ala. 282, 285,100 So.2d 769 (1957).
The State's evidence shows that Thompson shot Smith. After Smith fell to the floor, Thompson shot him again and then kicked Smith. No weapon was found on Smith. We recognize that Thompson was greatly displeased with his retained counsel's performance after he had been convicted and sentenced. Yet, we do not think that counsel should be penalized for the fact that he is not a magician, Henderson v. State, 45 Ala. App. 143, 144,227 So.2d 140 (1969), nor for his lack of "druidic magical powers to produce an acquittal." Carmack v. State, 41 Ala. App. 552, 141 So.2d 208, cert. denied, 273 Ala. 705, 141 So.2d 209
(1962).
For the above reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.